No. 25723

The People of the State of Colorado v. James Moore
(521 P.2d 768)

Decided April 29, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

By this appeal, Moore challenges the findings of the district court which denied him post-conviction relief under Crim. P. 35(b). The sole issue presented is whether, in accepting a guilty plea on April 26, 1968, the trial court complied with the then effective provisions of Crim. P. 11, which were prior to *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Originally, appellant was charged with rape. On April 26, 1968, he tendered and the trial court accepted a plea of guilty to a charge of assault with the intent to rape. Counsel for defendant informed the court that he and the defendant had discussed the matter and the defendant so informed the court. The defendant was informed further of the charge and

the possible penalties. Subsequent hearings produced no attempt by this defendant to withdraw his plea.

In *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970), where we held *Boykin* not retroactive, we emphasized that prior to *Boykin* there was no prescribed ritual to be performed to satisfy the court that the defendant understood the nature of the charge. In fact the statement of the charge being fully descriptive of its nature is unlike crimes which carry legalistic but non-explanative labels, such as *e.g.,* "embezzlement" or "larceny." In examining the record, we are convinced this defendant was fully informed of the nature of and the consequences of a plea to the charge of "assault with the intent to rape."

The judgment is affirmed.