Opinion by
MR. JUSTICE DAY.
This is an appeal from the summary denial without a hearing on a petition for postconviction relief. Crim. P. 35(b). The only issue presented is whether acceptance of appellant’s guilty plea entered on March 3, 1967, was in compliance with the then effective provisions of Colo. R. Crim. P. 11. We think not and therefore reverse.
Rivera was originally charged with the crimes of larceny of a motor vehicle and conspiracy to commit that crime. Following plea bargaining, he withdrew his plea of not guilty to both counts and pled guilty to larceny of motor vehicle. The conspiracy count was dropped on motion of the district attorney.
*339 The record of the acceptance of the guilty plea, to be brief, is devoid of any evidence that the trial court informed the defendant of the nature of the charge, thus insuring his plea was knowingly and voluntarily entered. Though the era preceding Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), did not require that the trial judge engage in a formalistic recital of the elements of the charge, Ward v. People, 172 Colo. 244, 472 P.2d 673 (1970), there must be some evidence in the record that the guilty plea was made with an understanding of the nature of the charge. Here, there is none. See People v. Mason, 176 Colo. 544, 491 P.2d 1383 (1971).
We hasten to point out that the complexity of the charge here bears heavily on the result. Joyriding is a less severe offense than larceny of motor vehicle, Casados v. People, 119 Colo. 444, 204 P.2d 557 (1949), and without a scintilla of explanation, a defendant may plead guilty to the felony, when he has in fact only committed a misdemeanor. Larceny of a motor vehicle requires the intent to deprive the owner permanently of the vehicle. Temporary taking of an auto without such intent is the offense of joyriding. Thus, without the court’s explanation of the charge, one who did not have the specific intent required might well enter a plea admitting to the taking of the vehicle and be unaware of the elements of intent essential to proof of the charge. This is unlike a case where either the record or the type of crime insures that a defendant understands the nature of the charge. People v. Moore, 185 Colo. 54, 521 P.2d 768 (1974). Where the record, as in this case, fails to show the defendant was aware of the difference between the felony and misdemeanor offenses, he should have been granted a hearing.
The judgment is reversed and the cause remanded for a hearing on his Rule 35(b) petition.
MR. JUSTICE HODGES, MR. JUSTICE KELLEY, and MR. JUSTICE GROVES concur.