No. 24922

**The People of the State of Colorado v. Edward Duran, Jr.**
(498 P.2d 937)

Decided July 3, 1972.                    Rehearing denied July 24, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley; Assistant, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Richard L. Ott, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is a Crim. P. 35(b) proceeding. As a result of plea negotiation the defendant entered a plea of guilty to second offense possession of marijuana, and charges pending against his wife were dismissed. The trial court held adversely to his contention that the plea of guilty was the result of "deceit, enhancement and coercion." We affirm.

The defendant had been previously convicted of possession of narcotic drugs. According to the presentence investigation report in the present case, it was indicated that the charge here resulted from a police chase, during which the defendant tossed out of his car a paper sack containing large quantities of marijuana. Defendant was also charged with four traffic offenses which arose out of this chase. Afterwards, the police searched the home of defendant and his wife and discovered an additional quantity of marijuana. This latter discovery resulted in the defendant and his wife being charged with possession of narcotic drugs and conspiracy to possess the same.

The defendant and his wife had five children. In a previous case the wife had been denied probation. As they testified, the defendant and his wife could well have believed that her chances of receiving probation in the event of conviction were indeed remote. Her conviction and incarceration would unquestionably have created a great problem with respect to their children.

The defendant discussed with his attorney the possibility of plea negotiation with resulting dismissal of charges against the wife. The attorney approached the district attorney's office and ultimately an arrangement was effected whereby the district attorney agreed to dismiss the joint charges pending against the defendant and his wife and to dismiss the four traffic charges, if defendant entered a plea of guilty to second offense possession of narcotics. The agreement was fulfilled. The penalty to be imposed upon those found guilty of the second offense of possession of narcotic drugs is five to twenty years in the penitentiary and a fine not to exceed $10,000. C.R.S. 1963, 48-5-20. Under the defendant's plea of guilty, the court sentenced him to a term of not less than

10 nor more than 16 years.

More than two years later the defendant filed his 35(b) motion. In the brief, his counsel makes the following statement:

"[T]he evidence conclusively showed that the plea of guilty entered by the defendant to the charge of second offense possession of narcotics was made only because the defendant was afraid that his wife would be tried and convicted, and they would thereby lose their right, custody and control of their children . . . ."

For purposes of determination of this proceeding, we assume the correctness of the quoted statement. We do not accept, however, the defendant's contention that this state of facts necessarily makes the defendant's guilty plea the result of deceit, enhancement and coercion.

■ The defendant concedes that plea bargaining in certain situations can be proper. *Smith v. People,* 162 Colo. 558, 428 P.2d 69 (1967); and *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Rather, it is the contention that bargaining relating to the jeopardy in which a defendant's wife has been placed is *ipso facto* coercive, or at least that the wife's situation here caused the guilty plea not to be voluntary.

The defendant has cited *Von Pickrell v. People,* 163 Colo. 591, 431 P.2d 1003 (1967), in which coercion was alleged in a 35(b) motion. The basis for this motion was that allegedly (1) there had been a filing of "unfounded charges" against the defendant; (2) the district attorney was threatening to prosecute defendant's wife; (3) a friend of the defendant was being imprisoned until the guilty plea was entered; and (4) the defendant suffered coercion from his own attorney. The trial court simply held that the allegations, if proved, would be sufficient to entitle the defendant to have his sentence vacated and directed the trial court to hold a hearing. Here the only possible element similar to those in *Von Pickrell* was the fact that charges were pending against the wife. In *Von Pickrell* the allegation was that the prosecutor was threatening to bring charges against the wife, and this makes the case

distinguishable.

Decisions with comparable factual situations have not been cited by either party. Our own research discloses that there are such cases, notably *Cortez v. United States,* 337 F.2d 699 (9th Cir. 1964); *Kent v. United States,* 272 F.2d 795 (1st Cir. 1959); *People v. Smith,* 37 Mich. App. 264, 194 N.W.2d 561 (1971); *Commonwealth v. DuPree,* 442 Pa. 219, 275 A.2d 326 (1971); *Combs v. Turner,* 25 Utah 2d 397, 483 P.2d 437 (1971); and *McGuffey v. Turner,* 18 Utah 2d 354, 423 P.2d 166 (1967).

We accept the rationale of *Cortez* and the two Utah cases above cited to the effect that negotiation regarding charges against a loved one does not *necessarily* render a plea bargain the product of coercion. Such a plea can be voluntary. In this case the defendant believed, and was entitled to believe, that the chances of the acquittal of his wife of pending charges were remote. He believed, and quite reasonably, that the effect upon the children of her conviction might be catastrophic. The defendant initiated the negotiation and the agreement. This was not a case in which the prosecutor threatened to bring charges against the wife if the husband did not plead guilty.

The trial court was justified under the particular circumstances of this case in finding that the plea did not result from deceit, enhancement and coercion and, in effect, finding that the plea was voluntary.

The judgment is affirmed.