### No. 25367

**The People of the State of Colorado v. Ernest E. Gutierrez**
(511 P.2d 20)

Decided June 11, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Sara Duncan, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Gutierrez and one Martinez were arrested

together in 1966 and charged with possession of narcotic drugs and conspiracy to possess narcotic drugs. Marijuana was found in their possession by arresting police officers.

Martinez retained an attorney to defend him and later, the same attorney was appointed by the trial court to represent the defendant.

On arraignment, both Martinez and the defendant plead not guilty, but later, as a result of plea bargaining, both entered pleas of guilty to the conspiracy charge. The charge of possessing narcotic drugs was dismissed as to both on the motion of the district attorney.

The defendant was placed on probation, but in 1969, his probation was revoked because of a violation of one of the conditions of his probation. He was thereupon sentenced to the penitentiary.

In 1971, the defendant filed his motion under Crim. P. 35(b) wherein he alleged that his plea of guilty was involuntary and that he was deprived of his right to the effective assistance of counsel prior to and at the time he entered his plea of guilty to the conspiracy charge.

After a hearing on the 35(b) motion, the trial court denied the motion on findings that the plea of guilty was voluntary; that the defendant understood the charge of conspiracy at the time of his guilty plea; and that defendant was not denied effective counsel in this case. We affirm the trial court's judgment denying the defendant's 35(b) motion.

I.

On appeal, the defendant claims the court never fully detailed the substantive elements of conspiracy as required by the current rule, Crim. P. 11.

It is true that since *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the courts have been required to spread upon the record the finding of voluntariness. However, *Boykin* and the Colorado cases so heavily relied upon by the defendant here, are *not* retroactive in effect. *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970).

At the time the defendant entered a plea of guilty in 1967, the trial court's actions were correct. In 1967,

"there was no prescribed ritual or wording to be employed under Colo. R. Crim. P. 11(a)." *Ward v. People, supra.*

The trial judge was required to fully explain to the accused the consequences of his guilty plea, and to make certain the plea was voluntary, which requirements have been ingrained in Colorado law for many years. After considering all the evidence at the 35(b) hearing, the trial judge found that when the defendant entered his plea of guilty, no deficiencies by 1967 standards existed to invalidate this plea at the present time under the facts here. We find no basis for reversal here.

## II.

■ Nor do we find in this record any demonstration of ineffective assistance of counsel in the fact that one attorney represented both the defendant and Martinez. The defendant asserts on appeal that there was a conflict of interest between the two co-conspirators because the evidence against Martinez was stronger than against the defendant. This contention is rejected under the facts of this case. *See Dukes v. Warden, Connecticut State Prison,* 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972).

■ The mere fact that the evidence against a co-defendant is stronger goes to the weight of the evidence and does not by itself establish that counsel is unable to effectively represent both clients. In *United States v. Gallagher,* 437 F.2d 1191 (7th Cir. 1971), the following statement in a similar case aptly expresses our view here:
"The existence of a conflict of interest, to warrant the result here sought, must be founded on something more than mere speculation or surmise."

The record fails to support any conclusion of prejudice or ineffective assistance of counsel by the simple fact that the attorney involved served both conspirators. We have carefully examined the record and nowhere does it disclose, as the defendant suggests, that he pleaded guilty "only upon the urging of the attorney and co-defendant and against his better judgment." He apparently pleaded guilty for family reasons and the hope that probation would follow. He made a rational decision based upon family considerations and the

possibility of obtaining probation, which he, in fact, obtained. Compare *People v. Duran,* 179 Colo. 129, 498 P.2d 937 (1972). Nowhere is it shown, that his lawyer neglected to represent the defendant's best interest. Without such a demonstration, the defendant cannot ·prevail. *Martinez v. People,* 173 Colo. 515, 480 P.2d 843 (1971); *Hampton v. People,* 171 Colo. 101, 465 P.2d 112 (1970); and *Melton v. Patterson,* 313 F. Supp. 1287 (D. Colo. 1970).

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.