No. 25347

**The People of the State of Colorado v. Lonnie Nelson Seymour**
(512 P.2d 635)

Decided July 23, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Sara Duncan, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant has appealed from an adverse ruling in a Crim. P. 35(b) proceeding. We affirm.

The defendant and his wife were each charged with possession of heroin, both charges arising from the same transaction. They engaged the services of the same attorney and were to have separate trials. On the morning of the date set for both trials, the attorney requested leave of the court to withdraw as counsel for both the defendant and his wife. The court asked why counsel wished to withdraw, but no

reason was given other than that a "serious difference of opinion" had arisen. The court was also informed that neither the defendant nor his wife had obtained the services of another attorney, although they had at least contacted the public defender's office.

The request to withdraw was denied and the defendant's trial was called. Following a five minute recess, the defendant changed his plea to "guilty." Prior to accepting the plea, the court fully explained the consequences of the guilty plea to the defendant, and was assured by the defendant that his plea was completely voluntary. Later that same day, the defendant testified during his wife's trial that he had sole possession of the heroin and that he sold heroin. His wife was acquitted.

Subsequently, the defendant filed a *pro se* motion pursuant to Crim. P. 35(b), seeking to vacate his sentence. The public defender's office represented the defendant at the hearing on the motion. The motion was denied.

■ In this appeal, the defendant contends that the representation of both himself and his wife by the same attorney constituted a conflict of interest and thereby denied him effective assistance of counsel. The alleged conflict of interest urged by the defendant was as follows: counsel wished to obtain an acquittal of the defendant's wife and therefore urged the defendant to plead guilty against the defendant's wishes.

In his *pro se* 35(b) motion, the defendant stated: "Now, with his [defendant's] wife really arrested, and the defendant having children, all he could think of was the welfare of his family." During the 35(b) hearing, the defendant stated the following when asked why he had wanted his attorney to withdraw:

"Well, I told him at the time that I felt if — that I would get a court appointed attorney beings that I was indigent anyway that I felt I was required same or would be allowed same, and that it would put the whole matter in the right perspective. Although, I mentioned that I sold drugs I hadn't sold enough, you know, to be able to afford an attorney and this would perhaps throw an odd light on the court as to what I had

done — what I had planned to do."

Later, the defendant testified as follows:

"I didn't want to plead guilty and I was lead to believe that if I would plead guilty that it would, in effect, exonerate my wife, and I was concerned about her going to trial and her health — she had bad health."

\* \* \* \*

"I plead guilty in hopes of being able to testify in behalf of my wife and that is the reason that I was testifying at that time to certain facts."

The court found, following the 35(b) hearing, that no "conflict has been shown whatsoever." We agree. *People v. Guitierrez,* 182 Colo. 55, 511 P.2d 20. *See People v. Duran,* 179 Colo. 129, 498 P.2d 937 (1927); and *Baca v. People,* 139 Colo. 111, 336 P.2d 712 (1959).

Judgment affirmed.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON do not participate.