### No. 25654

**The People of the State of Colorado v. Joe B. Lewis**
(516 P.2d 416)

Decided November 26, 1973.     Rehearing denied December 17, 1973.

Arnold Alperstein, for plaintiff-appellant.

Theodore A. Borrillo, Frank A. Bruno, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The People of the state of Colorado, plaintiff-appellant (People), are here on appeal from a judgment of dismissal of three separate indictments returned by the statutory grand jury of Jefferson County against Joe B. Lewis, defendant-appellee (defendant or Lewis).

238

The indictments each charged that the defendant, in the discharge of his official duties as a county commissioner, did willfully, corruptly, and unlawfully commit acts of oppression, malfeasance and partiality, in that he acted with favor and partiality (1) in voting to accept the plat of Valley-Hi Ranches, (2) in voting in favor of the application for acceptance of a certain public road, and (3) in voting to pave South Pierce Street, all contrary to C.R.S. 1963, 40-7-46.

■ The defendant filed a motion supported by affidavits to dismiss the three indictments. It appears from the affidavits that not only did the investigators for the grand jury interrogate the defendant and other witnesses, but made comments or statements to the grand jury during the course of the interrogation. In effect, it would appear that the investigators were not only conducting the examination of the witnesses, but they were themselves testifying as to their version of the transactions under inquiry. It does not appear that the investigators were under oath. The trial court labeled this as "highly questionable and prejudicial." Following a hearing, the court granted the motion. We affirm.

The defendant alleged the following five grounds as the basis for his motion to dismiss the indictments as void and invalid, (1) because unauthorized persons were present at the sessions of the grand jury when evidence was being presented; (2) because such unauthorized persons were permitted to question witnesses who gave testimony before the grand jury; (3) because evidence was presented at sessions of the grand jury at which less than the required quorum was present; (4) because of a failure to state sufficient facts to constitute offenses against the People of the state of Colorado; and (5) that C.R.S. 1963, 40-7-46 is vague and unconstitutional and violates the due process clauses of Article II, Section 25, of the Colorado Constitution, and the 14th Amendment to the Constitution of the United States.

One of the controversies on this appeal relates to the right of the trial court to consider the contents of the affidavits attached to and incorporated in the defendant's motion to dismiss. All of the affiants were present in court and ready to

testify at the hearing on the motion to dismiss. Because some of the specially appointed grand jury investigators were referred to in the affidavits as deputy sheriffs, which they were, it was stipulated that they had been appointed by the court to serve as special investigators for the grand jury in its investigation of the defendant.

In the colloquy between counsel with reference to a stipulation there is some disagreement as to what part of the affidavits could be considered as evidence by the court.

The People contend that the stipulation was limited to the capacity of the special investigators; that the substance of the evidentiary matters stated in the several affidavits was not properly before the court.

The defendant relies on Crim. P. 47, which provides that any application to the court for an order shall be by motion and that it may be supported by affidavits. The defendant also points out that Crim. P. 45(d) provides that when a motion is supported by affidavit, the affidavit shall be served upon the opposite party not later than five days before the hearing and opposing affidavits may be served not less than one day before the hearing, except with court permission it may be served at a later time.

As we construe the purported stipulation, its purpose was to supplement the affidavits so that the capacity of the deputy sheriffs before the grand jury would be accurately reflected in the record. If the special prosecutor disagreed with the allegations in the affidavits that several of the special investigators participated in the questioning of witnesses before the grand jury, he should have filed counter affidavits or called witnesses to dispute the allegations at the time of the hearing. The court was justified in considering the statements in the affidavits as evidence of the facts asserted. *Cohen v. United States,* 378 F.2d 751 (9th Cir. 1967), *cert. denied* 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215; *Hoffritz v. United States,* 240 F.2d 109 (9th Cir. 1956).

In support of its position, the People rely on *Buchler v. District Court,* 158 Colo. 205, 405 P.2d 950 (1965), wherein we held that the indictment returned by a statutory grand

jury was not invalidated by the unauthorized presence of two investigators apparently serving on the district attorney's staff while the grand jury examined the accused.

The admonition which accompanied that holding is equally as important as the holding itself. We there said:

"The foregoing should not be construed as indicating that we approve of the presence of investigators, special or otherwise, at sessions of the grand jury when others are being called to testify. On the contrary we do not look with favor upon such a practice. Rather, in the instant case we are simply holding that the mere presence of unauthorized persons of this type does not void an otherwise valid indictment." 158 Colo. 205, 212.

■ "Mere presence" of investigators may not in and of itself be sufficient to invalidate the indictment in a given case unless prejudice is shown. *Buchler v. District Court, supra.* The prosecutor contends that in the instant situation there was no affirmative showing of prejudice. It is uncontested that the investigators conducted examinations of several material witnesses as well as the defendant himself (who requested permission to testify). This is more than "mere presence."

The trial court equated the violation of the court's instructions to the grand jury[1] with a denial of due process to the defendant, pointing out that the rules set forth in the instructions were to maintain the secrecy of the proceedings and guard against prejudice to those under investigation.

The judge's instructions to the grand jury were:

1. Witnesses are to appear singly with no other person present except the district attorney, or one of his assistants, and the shorthand reporter.

2. The district attorney will aid in the obtaining of evidence, and the culling and examining of the witnesses, and will advise you as to what evidence is or is not material and sufficient in law, as well as to what acts constitute offenses

---

[1] A judge other than the trial judge impaneled and instructed the grand jury.

against the criminal laws of this state.

The court's first instruction is consonant with C.R.S. 1963, 45-1-6, which directs all district attorneys to appear in their respective districts at any and all sessions of all grand juries to advise the grand jury and examine witnesses which may be subpoenaed to appear before them.

The court's instructions to the grand jury on how its investigation should be conducted were designed to assure an orderly development and presentation of evidence in a calm and dignified atmosphere; they were not intended to permit an open forum in which the investigators acted as advocates. The procedures set forth in the judge's instructions were to protect the rights of those under investigation, and deviations, such as shown here, necessarily work to the prejudice of those under investigation.

In view of our disposition affirming the dismissal of the indictments, we do not reach the other issues raised by the People.

The judgment is affirmed.

MR. JUSTICE ERICKSON concurs in the result only.