## No. 26010

### The People of the State of Colorado v.
### Phillip Plotner and Joseph Plotner
(534 P.2d 791)

Decided April 28, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, Forrest W. Lewis, Deputy, for defendants-appellants.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendants Phillip and Joseph Plotner were convicted by a jury of second-degree assault. On this appeal, they urge reversal on the basis of several alleged errors committed by the trial court. We find no reversible error and therefore affirm the convictions.

The following is a resume of the facts as shown by the prosecution witnesses. The defendants testified and disputed much of the prosecution's evidence. They asserted also that they acted in self-defense.

Mrs. Peggy Diane Russel, drove a pickup truck into the parking lot of the Tempo Department Store in Grand Junction. She left her small dog in the rear of the vehicle and entered the department store. She then observed Joseph Plotner making friendly overtures to her dog. The dog, however, barked at and retreated from Joseph. Mrs. Russel left the store and asked Joseph to leave the dog alone. Joseph's response indicated that he did not intend to leave the dog alone, so Mrs. Russel went back into the store to obtain assistance. From inside the store, Mrs. Russel saw Joseph climb into the truck and kick the dog out. Mrs. Russel ran from the store and demanded an explanation. Joseph said that the dog had jumped from the pickup and had bitten him.

At about this point, two of the managers from the department store came out to investigate. Following a brief discussion, Joseph hit Mr. Brown, one of the managers. The other manager ran into the store, with Joseph and his brother Phillip in pursuit. Mr. Brown followed them into the store, and a third brother, Raymond, also entered the store. Officer David Allen of the Grand Junction Police Department arrived, and Mrs. Russel directed him into the store.

In the store, while Phillip and Mr. Brown wrestled about on the floor, Joseph kicked Brown several times in the face. This ended that fight and Brown, whose face was bloody, retired to the rear of the store. Officer Allen then located the brothers and everyone left the store.

Outside, Officer Allen attempted to determine what had transpired. In the course of this investigation, Phillip Plotner directed abusive language at Mrs. Russel, and Officer Allen told him he was under arrest for disturbance. As Officer Allen attempted to put handcuffs on Phillip, he swung at the officer, and the brawl began again.

Officer Allen went to the ground with Joseph and Phillip upon him. He was being struck repeatedly by the two brothers when Tom Hogge, who had witnessed what had just transpired, intervened to help Officer Allen, who had a gun in his holster. As Hogge approached the fight, he heard one of the Plotner brothers yell ''Get his gun. Get his goddamn gun. Get his gun.'' Hogge ran to the pile of men and pulled Joseph Plotner away. He then grabbed Phillip, but as he did so, Joseph seized him from behind by the hair. Hogge, as the result of the encounter, suffered bruises, abrasions, and a severe black eye. He also lost a large handful of hair. Officer Allen suffered a laceration above the eye, bruises, and a pulled muscle.

Finally, two additional patrol cars arrived and order was restored. The Plotner brothers were taken into custody and charged with second-degree assault.

## I.

■ A portion of the testimony in this case involved occurrences which transpired prior to the arrival of any police officer at the scene. The defendants urge that this testimony should not have been admitted by the trial court, and that this error requires reversal. We reject this argument.

In *People v. Ihme,* 187 Colo. 48, 528 P.2d 380 (1974), we discussed extensively the rule excluding evidence which is wholly separate, distinct, and independent of the offense for which a defendant is on trial. We also discussed the two major exceptions to the rule, where the evidence tends to show scheme, plan, intent, or design, and where the other criminal activity is part of the *res gestae* of the offense charged.

The trial court properly admitted this evidence as part of the *res gestae* of the offense charged. The criminal offense clearly grew out of the earlier fracas which was part of one continuing transaction. *Johnson v. People,* 174 Colo. 413, 484 P.2d 110 (1974); *Bell v. People,* 158 Colo. 146, 406 P.2d 681 (1965); *Warford v. People,* 43 Colo. 107, 96 P. 556 (1908).

■ When requested, the trial judge gave a limiting instruction in accord with *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). An instruction on the limited purpose of this evidence was also given in the final instructions to the jury. We perceive no reversible error here.

## II.

Defendants assert that the trial court erred in failing to instruct the jurors as to the offense of third-degree assault. In *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974), we indicated that in determining whether an offense is lesser included, the "statutory test" will be utilized. Thus, the greater offense includes a lesser offense when the establishment of the essential elements of the greater necessarily establishes all of the elements required to prove the lesser. *See Daniels v. People,* 159 Colo. 190, 411 P.2d 316 (1966). In the circumstances of this case, third-degree assault is a lesser included offense of second-degree assault, but that fact, *ipso facto,* does not entitle the defendants to an instruction on the lesser charge.

Section 18-1-408(6), C.R.S. 1973, states that the trial court is only obligated to charge the jury with the lesser included offense when there is a rational basis for a verdict acquitting the defendant of the greater offense, and convicting him of the lesser. Under this standard, the defendants were not entitled to an instruction on third-degree assault.

The defendants were convicted of second-degree assault under section 18-3-203(1)(c), C.R.S. 1973, which provides

"A person commits the crime of assault in the second degree if:

. . .

(c) With intent to prevent one whom he knows, or should know, to be a peace officer or fireman from performing a lawful duty, he intentionally causes bodily injury to any person."

The applicable provision of third-degree assault is defined by section 18-3-204, C.R.S. 1973, as follows:

"A person commits the crime of assault in the third degree if he intentionally, knowingly, or recklessly causes bodily injury to another person."

A comparison of the statutes reveal that the greater offense is committed only when the defendant intends to prevent one whom he knows to be a peace officer or fireman from performing a lawful duty. The bodily injury must also be intentionally inflicted.

In the case at hand, the evidence clearly established without dispute that Officer Allen was a police officer in uniform and that

he was performing a lawful duty. The evidence also clearly indicated that the actions of the defendants were intentional.

### III.

In regard to the alleged prosecutorial misconduct, we have examined the closing argument of the prosecuting attorney, and his cross-examination of the defendants. We agree that statements of his personal opinion in his closing argument as to the guilt of defendants were improper. *People v. Simbolo,* 188 Colo. 49, 532 P.2d 962; *Cokley v. People,* 168 Colo. 52, 449 P.2d 824 (1969); *Bizup v. People,* 150 Colo. 214, 371 P.2d 786 (1962). We perceive no prosecutorial misconduct in the manner in which the defendants were cross-examined. However, in this case, there was no contemporaneous objection to the statements in the closing argument. Furthermore, in our view, this conduct of the prosecutor was not so offensive as to require reversal of the defendants' convictions. Clearly, plain error does not exist in this regard. *People v. Simbolo, supra.*

### IV.

We also reject the defendants' contention that the trial court erred in denying their motion for judgment of acquittal. The testimony was clearly sufficient to enable a jury to conclude that both Phillip and Joseph Plotner intentionally caused bodily injury to police Officer Allen and Tom Hogge.

The judgment of the trial court as to each defendant is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.