**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

**v.**

**Herbert Ray ARMSTRONG,
Defendant-Appellant.**

**No. 81CA0353.**

Colorado Court of Appeals,
Div. II.

Dec. 9, 1982.

Rehearing Denied Jan. 20, 1983.

Certiorari Granted May 23, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Laura E. Udis, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, James England, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Herbert Armstrong, was convicted by a jury of conspiracy to commit robbery, aggravated robbery, second-degree kidnapping, aggravated motor vehicle theft, and second-degree burglary. He contends the charges should have been dismissed because the indictment was returned by a biased grand jury, and that his attorney's joint representation of two defendants denied him effective assistance of counsel. We find both arguments to be without merit and therefore affirm the convictions.

I.

Armstrong claims undue and improper prosecutorial influence over the grand jury denied his constitutional right to an unbiased grand jury. The instances of misconduct consist of references to conduct having no demonstrable basis in competent evidence, nor any relevance to the subject of the investigation. Among them are a reference to a close relationship between Armstrong and an individual, then deceased, who was suspected of numerous robberies and murders; a remark that the crimes for which he was under investigation may possibly have included murder; a statement that Armstrong may have threatened a witness' life; and an allegation that Armstrong had been arrested for another robbery. Notwithstanding their irrelevance and inadmissibility before a trial jury, when viewed in the context of the record as a whole, we conclude that these statements, when presented before the grand jury in the context of this case, did not warrant dismissal of the charges.

An indictment is not invalid because it is based upon hearsay or other evidence inadmissible in a trial on the charges. *People v. Gable,* 647 P.2d 246 (Colo.App.1982). But, a defendant can attack an indictment by filing a petition to challenge the sufficiency of the evidence to show probable cause to indict. Section 16–5–204, C.R.S.1973 (1978 Repl.Vol. 8); *People v. Laughlin,* 621 P.2d 1388 (Colo.1981). In hearing this motion, however, the court must consider both the sufficiency of the evidence and whether prosecutorial misconduct infected the validity of the indictment by interfering with the grand jury's ability to weigh the evidence independently in a calm and dignified atmosphere. *People v.*

*District Court,* 199 Colo. 398, 610 P.2d 490 (1980); *People v. Lewis,* 183 Colo. 236, 516 P.2d 416 (1973).

■ A lack of competent evidence to justify the indictment may demonstrate that the proceeding was tainted to such a degree that the indictment arose out of bias. *United States v. Nunez,* 668 F.2d 1116 (10th Cir.1981) (citing *Laughlin v. United States,* 385 F.2d 287 (D.C.Cir.1967)). Or, comments which were deliberately calculated to inflame the prejudices of the grand jury, thus interfering with its duty to assess the evidence, may demonstrate persistent and flagrant misconduct that would otherwise justify dismissing the charges. *See Laughlin v. United States, supra.*

The transcript shows an active and independent grand jury. Throughout the proceedings the jurors questioned the witnesses and the district attorney. Furthermore, the quality and quantity of irrelevant evidence is not such that the grand jury would have been unable to make an independent consideration of the evidence.

■ Armstrong does not question the sufficiency of the evidence to indict. Indeed, the district court found probable cause to support the indictment when defendant filed his motion to dismiss. In its review of the record, the court must draw all inferences in favor of the prosecution, and when there is a conflict in the testimony, a question of fact exists for determination at trial. *People v. Summers,* 197 Colo. 445, 593 P.2d 969 (1979). We agree with the trial court's holding that the record supports the grand jury's finding of probable cause. Nor does the record show the district attorney attempted to interfere with the grand jury's duty to weigh the credibility and sufficiency of the evidence or participate in the deliberations. Therefore, the court properly refused to dismiss the charges.

## II.

Armstrong argues that it was error for one attorney to represent both his wife and himself at their joint trial. We disagree.

■ Armstrong correctly states the law: In the absence of objection below in order to show a violation of his constitutional right to effective assistance of counsel, a defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *People v. Romero,* 189 Colo. 526, 543 P.2d 56 (1975).

■ Armstrong alleges that a conflict arose at trial when a detective's notes were introduced into evidence casting doubt on the robbery victim's earlier statement that a woman had placed the telephone call designed to lure him from his house. In his view, in an effort to take advantage of this on his wife's behalf, his attorney strengthened the evidence of his own involvement. Independent counsel could have decided against examining the detective on the content of his notes, but even if this were so, we fail to see how this action prejudiced defendant.

There was never any question but that a man had spoken with the victim; prior to the detective's testimony at trial, a witness who was present when the robbery was planned had heavily implicated defendant; and the robbery victim had made an in-court identification of defendant. In casting doubt on the degree of his wife's involvement, the strength of testimony identifying Armstrong as one involved in the robbery was not affected.

In his closing argument, counsel made reference to Mrs. Armstrong's testimony denying responsibility. Armstrong maintains that this reference was prejudicial. We do not agree. Counsel did not contrast his wife's decision to testify with defendant's decision not to do so, but only pointed out that the wife's testimony had been consistent and unimpeached. The testimony of defendant's wife consisted of an alibi for both of them so whatever favorable conclusions the jury would have drawn would only have been to his advantage.

Thus, the record does not support this contention. The primary focus of the trial

was on defendant's identity, and his attorney actively cross-examined the prosecution witnesses who identified him. In closing, his attorney attacked the motives of a witness who had been granted immunity and underscored the inadequacies in both witnesses' opportunity to observe defendant. Defendant has not sustained his burden of showing an actual conflict of interest which adversely affected his right to effective assistance of counsel.

The judgment is affirmed.

SMITH and VAN CISE, JJ., concur.