**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**George Earl DANLEY, Defendant–Appellant.**

**No. 86CA1228.**

Colorado Court of Appeals, Div. I.

May 26, 1988.

Rehearing Denied July 14, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., and Cynthia Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Martin & McAllister, P.C., Robert T. McAllister, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, George Earl Danley, appeals the judgment of conviction entered on a jury verdict of one count of attempted theft and five counts of attempted theft from the elderly. He claims his trial counsel, who was not the same attorney who is representing defendant in this court, failed to investigate and prepare adequately prior to trial, resulting in a denial to him of effective assistance of counsel. We agree and reverse.

Defendant was employed in heating and air conditioning sales and service. In response to a telephone request for a serviceman, his employer sent defendant to a residence to inspect a furnace. Following his inspection, defendant informed the apparent owner of the house that the furnace was defective and dangerous and should be replaced. He offered to install a new furnace at a specified price.

He was later arrested on a warrant and learned that the district attorney's office was conducting a "sting operation," designed to apprehend dishonest heating contractors, at that residence. He was also charged with seven other similar attempts to sell unneeded heating equipment to others. At trial, he was acquitted on two of the eight felony counts with which he was charged.

Defendant's counsel initially received a substantial fee from him and simultaneously became aware that defendant believed the fee included all amounts for necessary investigation, expert witnesses, depositions, transcripts, and other expenses. Counsel informed defendant, however, that the fee did not include those expenses and that it was not possible to know in advance the exact cost of those items. Defendant responded by stating that he could not "stand" for those open-ended, additional expenses.

The basic issue involved in determining defendant's criminality was whether the furnaces examined by defendant were defective and dangerous, as he had represented, or whether they were free from such defects. This issue required consideration of much technical testimony from persons possessing expertise respecting furnaces.

However, because of defendant's statement respecting additional expenses, defendant's counsel failed to make any inquiry respecting the availability or cost of securing favorable expert testimony upon this issue. In at least one instance, counsel was informed that an expert had made an investigation and prepared a report indicating that one of the furnaces involved was defective, but he did not contact this potential witness to determine what fee, if any, this expert might charge for testifying at defendant's trial. Rather, counsel decided to allow defendant, who had extensive experience in the heating trade, to testify as his own expert.

## I.

■ To establish that he has been denied effective assistance of counsel, a defendant is required to show (1) that counsel's performance was deficient, and (2) that, but for this deficient performance, it is reasonably probable that the trial result would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The record here establishes that trial counsel did virtually nothing other than attend the preliminary hearing, file motions, and obtain copies and transcripts of materials that were routinely available. He utterly failed to ascertain the availability of expert testimony or to discuss with defendant the necessity for the presentation of the same. Yet, trial counsel's informed advice and guidance on the subject of pre-trial preparation and pre-trial investigation, sufficient to reveal potential defenses and weaknesses in the prosecution's case, constitutes one of the vital services that a defendant is entitled to receive. *See People v. Dillard,* 680 P.2d 243 (Colo.App.

1984). This is especially true here where counsel in a post-trial statement said that he considered the use of such experts and investigators to be "desirable" in this case.

In light of the nature of the principal factual issue involved in this case, defense counsel was under a minimum duty to discuss with the defendant the necessity for attempting to obtain favorable independent expert testimony. If counsel was convinced that defendant was unable to afford such additional experts, counsel was required to consider whether he should seek to withdraw from the case and have the services of the public defender made available to the defendant or, at least, to consider whether defendant could make a successful application to the court under § 18–1–403, C.R.S. (1986 Repl.Vol. 8B), to obtain the services of an expert at state expense. *See Brown v. District Court,* 189 Colo. 469, 541 P.2d 1248 (1975); *People v. Tafoya,* 703 P.2d 663 (Colo.App.1985).

Counsel's failure to investigate the availability of expert testimony, combined with his failure to discuss with defendant the virtual necessity for obtaining the same, constitutes, in our view, ineffective assistance of counsel.

In order to demonstrate that counsel's actions, while ineffective, were also prejudicial, defendant must establish that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. He must show that, in consideration of the totality of circumstances, there is a reasonable probability that, but for his counsel's ineffectiveness, the result of the proceeding would have been different. *People v. Dillon,* 739 P.2d 919 (Colo.App.1987). We conclude that he has made such a showing in this case.

The record demonstrates that there was available to defendant expert testimony that the furnace involved in the "sting operation" was defective. Indeed, in a similar case, involving an identical charge and the same furnace, the defense presented such expert testimony and a verdict of not guilty was returned. Further, there were certain weaknesses in the testimony of the expert witnesses called by the People, which could have been exploited had counsel for the defense in this case conferred with an expert witness. Under these circumstances then, we are convinced that counsel's representation of defendant made it reasonably probable that, but for his ineffective assistance, the outcome of defendant's trial would have been different.

II.

Defendant also complains that the deputy district attorney who tried this case was the owner of the residence and of the furnace involved in the "sting operation." Defendant's pre-trial motion to disqualify this individual from prosecuting this case was denied when defendant's trial counsel renounced his previous intention to call this witness. However, the deputy district attorney remained as an endorsed witness, and, in any event, he was a person who had personal knowledge of the furnace and that knowledge might have been relevant to the issues presented by the charges.

The general rule is that a prosecuting attorney should withdraw from active participation in a case when he learns that he may be a witness. *People v. Hauschel,* 37 Colo.App. 114, 550 P.2d 876 (1975). Thus, a district attorney must be disqualified in a criminal case if he or a member of his staff is to appear as a witness and give testimony of consequence. *Pease v. District Court,* 708 P.2d 800 (Colo.1985).

Because the deputy district attorney possessed personal knowledge and could, depending upon the developments during the course of trial, have been called upon to testify, the defendant's motion to disqualify should have been granted. Since we reverse on other grounds, we need not de-

termine whether the trial court's refusal to disqualify the prosecutor constituted prejudicial error. *See People v. Hauschel, supra.* Upon remand for a new trial, however, we direct that the deputy district attorney who owned the house and furnace in this case not actively participate in any subsequent proceedings.

The judgment is reversed and the cause is remanded to the trial court for a new trial.

PIERCE and METZGER, JJ., concur.