The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Randy WOOD, Defendant–Appellant.**

**No. 91CA1200.**

Colorado Court of Appeals, Div. IV.

Dec. 3, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., David K. Rees, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

Arnold, Ross and Singer, Chris D. Hefty, Sterling, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Randy Wood, appeals the trial court's order denying his Crim.P. 35(c) motion to withdraw his plea and vacate his sentence. We affirm.

On November 28, 1989, defendant was apprehended in his pickup truck near a farmhouse that had just been burglarized. In the pickup, police found a rifle belonging to the victims, and defendant was arrested and charged with burglary and theft. Although the police further suspected that he had an accomplice, and that that accomplice was Robert Moss, they had no evidence of Moss' participation.

Defendant was accorded representation by a deputy public defender, and later, pursuant to a plea bargain, he pled guilty to one count of criminal trespass and the original charges were dismissed.

During these events, the public defender representing defendant also represented Moss on unrelated charges. Following the entry of his guilty plea, the defendant advised a probation officer that the other participant in the burglary had been Moss.

The public defender then moved to withdraw from representation of defendant, citing a conflict of interest. The trial court granted the motion and appointed a second attorney, who represented defendant at sentencing. Thereafter, a third attorney was appointed to represent defendant for his Crim.P. 35(c) motion and for this appeal.

## I.

Defendant first contends the trial court erred in finding that no conflict of interest existed in the public defender's representation of both defendant and Moss. He argues that this conflict violated his Sixth Amendment right to counsel. We disagree.

The constitutional right to effective assistance of counsel may be violated when an accused is represented by counsel who simultaneously represents a competing interest. *Armstrong v. People*, 701 P.2d 17 (Colo.1985). But, the determination whether an attorney should be disqualified because of a conflict of interest is a matter largely within the discretion of the trial court. *People v. Reyes*, 728 P.2d 349 (Colo.App.1986).

If defendant raises no objection at trial, he must show that an actual conflict of interest existed and that it adversely affected his representation. *United States v. Newman*, 733 F.2d 1395 (10th Cir.1984).

In cases in which a claim of ineffective assistance of counsel is based on multiple representation, some specific instance of prejudice, some real conflict of interest, must be demonstrated. *People v. Romero*, 189 Colo. 526, 543 P.2d 56 (1975).

Here, defendant claims that the public defender's representation of him and Moss (on another charge) created a conflict of interest because Moss was also a suspect in the burglary for which defendant was charged. The record, however, indicates the contrary.

At the hearing on defendant's Crim.P. 35(c) motion, the public defender testified that she had contacted the district attorney and was told that Moss was not a suspect. Additionally, the public defender was told that fingerprints taken from the crime scene did not belong to Moss and that the district attorney and police had no evidence connecting Moss to the burglary. The district attorney testified that Moss was not a suspect and that he had informed the public defender that no charges were being brought against Moss concerning the burglary.

The trial court specifically found that, before the defendant's admission that Moss was a co-participant in the burglary, there was no reason to suppose that the public defender's simultaneous representation of Moss, on an unrelated charge, adversely affected the exercise of the attorney's professional judgment on behalf of the defendant. Thus, it concluded, defendant failed to establish that an actual conflict of interest existed. *See United States v. Burney,* 756 F.2d 787 (10th Cir.1985) (to establish actual conflict, defendant must point to specific instances in the record to suggest that actual conflict of interest exists).

A case with similar facts was addressed by the United States Supreme Court in *Dukes v. Warden,* 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972). There, a defendant was represented by an attorney who also represented two women in an unrelated charge in which the defendant was also involved. The defendant refused to accept a plea bargain and defense counsel requested to withdraw from representation. Later, defendant decided he wanted to enter a plea, and another attorney from the law firm which had previously represented him in the same charge negotiated a plea. The first counsel, in the unrelated matter, urged leniency for the two women by placing a greater amount of culpability on the defendant. Defendant argued that the first attorney's conflict of interest rendered his plea involuntary and unintelligent.

The *Dukes* Court concluded that there was nothing in the record to indicate that the alleged conflict resulted in ineffective assistance of counsel so as to render defendant's guilty plea involuntary and unintelligent. There were no findings that either attorney had induced the defendant to plead guilty in furtherance of a plan to obtain a more favorable consideration for the other clients. Neither did the record disclose, nor was it claimed, that the defendant had received misleading advice from either attorney which led him to plead guilty.

The Court also noted that the trial court had specifically found that the defendant knew that his counsel was representing two other defendants in an unrelated case, yet he had not complained to the trial court that he was not satisfied with the attorney's representation. It held, therefore, that any alleged conflict of interest did not in any way affect defendant's plea.

Similarly, defendant here has failed to establish that he was adversely affected by the public defender's representation. Defendant concedes that he faced a very strong prosecution case on the burglary and theft charges. However, he succeeded, through counsel's efforts, in pleading guilty to one count of criminal trespass, for which he received a sentence of two years in the county jail (later reduced to one year). Also, he was informed that there was absolutely no evidence linking Moss to the crime. And, as in *Dukes,* defendant was fully aware that the public defender represented Moss on the unrelated charge.

Defendant has not claimed, nor does the record show, that he was forced or coerced into accepting the plea disposition. Further, he has failed to point to any specific portions of the record in which a conflict of interest had an adverse affect on his representation.

Finally, we note that defendant withheld the information concerning Moss from his attorney. This information may have helped him receive an even better plea bargain than the one he obtained. But, having been the architect of his own house of cards, defendant cannot now seek to profit from its collapse. *See People v. Mounts,* 784 P.2d 792 (Colo.1990).

Therefore, we conclude that defendant has failed to meet his burden to prove that an actual conflict of interest existed and that it adversely effected his representation. The trial court was correct in denying his Crim.P. 35(c) motion.

## II.

 Defendant next argues that misconduct on the part of the prosecutor violated his constitutional rights. Again, we disagree.

Defendant essentially relies on the Code of Professional Responsibility DR 7–103. That section provides: "A public prosecutor ... shall make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the *existence of evidence,* known to the prosecutor or other governmental lawyer, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment." (emphasis added)

The record clearly establishes that the district attorney and the police, although they had suspicions, had absolutely no knowledge of any evidence that would tend to negate the guilt of the defendant, mitigate the degree of the offense, or reduce the punishment. The district attorney testified that fingerprints taken from the crime scene did not identify Moss. Additionally, the district attorney advised the public defender that there was absolutely no credible evidence linking Moss to the burglary for which defendant had been charged.

Therefore, defendant's contention of prosecutorial misconduct is unfounded.

## III.

 Defendant next argues that he was denied his right to effective assistance of counsel because the attorney appointed to represent him at sentencing did not investigate the circumstances surrounding his plea or advise him of "the errors" of the public defender who had represented him at the time the plea was entered. We disagree.

To establish an ineffective assistance of counsel claim, the defendant must establish: (1) that counsel's performance was deficient; and (2) that but for counsel's deficiency, there was a reasonable probability of a different result. *People v. Danley,* 758 P.2d 686 (Colo.App.1988).

The record demonstrates that the existence of any conflict of interest between defendant and his first attorney was amorphous at best. The prosecution had a strong case against the defendant. The defendant produced no evidence to indicate that his first attorney had failed to investigate the facts or in any way had misadvised him concerning the applicable law. Thus, defendant has failed to demonstrate both how his first attorney's performance was deficient or how a different result would have occurred.

The trial court found, and we agree, that no conflict existed until after the defendant had informed a probation officer of Moss' participation. At that point, defendant's first attorney withdrew. Since defendant's first attorney committed no error in representation, *a fortiori,* his second attorney's failure to advise him of this nonexistent error could not constitute deficient practice.

Therefore, we reject defendant's claim of denial of effective assistance of counsel on this basis.

## IV.

Defendant finally contends that his guilty plea is invalid because the trial court failed to advise him of the proper elements of the crime being charged and that his plea was involuntary because he was intoxicated 48 hours before the plea was entered. We disagree with both contentions.

### A.

 First, we reject defendant's assertion that the trial court failed to advise him of the elements of the offense charged.

Crim.P. 11 requires that before accepting a guilty plea, the court must advise a defendant of the elements of the crime to

which he or she is pleading guilty. *People v. Reyes, supra.*

Here, defendant pled guilty to first degree criminal trespass pursuant to § 18–4–502, C.R.S. (1986 Repl.Vol. 8B) which provides: "A person commits the crime of first degree criminal trespass if he knowingly and unlawfully enters or remains in a dwelling or if he enters any motor vehicle with intent to steal anything of value. First degree criminal trespass is a Class 5 felony."

The trial court advised the defendant of each of these elements and specifically advised him that the prosecution would be required to prove that he committed an unlawful act. The defendant now claims error because, instead of defining "unlawful act," the court explained that if defendant entered the dwelling with the intent to steal something of value, then that act would be unlawful.

This explanation was unnecessary since it more properly describes burglary rather than trespass. In any event, in reviewing the trial court's advisement, we conclude that it adequately apprised defendant of the necessary elements of first degree criminal trespass.

### B.

▉▉▉▉ We also reject defendant's contention that his guilty plea was involuntary because, as he alleges, he had been intoxicated and had also been under the influence of antabuse some 48 hours before the providency hearing.

The question whether a defendant was competent at the time of his or her plea is a question of fact, and, if fully supported by the record, a trial court's resolution of that issue will not be a basis for setting aside a guilty plea. *See People v. Cabral,* 698 P.2d 234 (Colo.1985).

The record of the providency hearing demonstrates that the defendant specifically denied ever being addicted to drugs, medication, or alcohol and further stated that there was no present condition which would affect his ability to understand the proceedings. He also stated that by enter-

ing his plea he was not acting as a result of undue influence or coercion.

Moreover, after defendant's Crim.P. 35 hearing, the court specifically found:

Finally, I have concluded that defendant was competent to proceed on his plea of guilty on July 2, 1990 and that the evidence presented by Defendant on this Motion is insufficient to prove any lack of competency. Defendant was present in open court and subject to the Court's scrutiny. He appeared composed and alert. He was responsive to the Court's Rule 11 inquiry. His manner, demeanor, and affect, was appropriate. He did not present with any obvious signs of illness or disorientation. He was queried in regard to his state of mind and ability to understand the proceedings. Even if defendant was then suffering some side effects of ingestion of antabuse and alcohol, that fact without more does not establish incompetency to proceed on a plea.

The record supports these findings; therefore, we reject defendant's assertion.

The order is affirmed.

TURSI and PLANK, JJ., concur.