No. 20,560.

BENNY P. MARTINEZ, ET AL., *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(382 P. [2d] 990)

Decided June 24, 1963.

Mr. CHARLES S. VIGIL, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for
defendants in error.

*En Banc.*

MR. CHIEF JUSTICE FRANTZ delivered the opinion of the
Court.

PLAINTIFFS in error were found guilty of forcible rape,
statutory rape, and kidnapping upon their pleas of
guilty to these charges. The trial court imposed sen-

tences immediately after the entry of the pleas and the taking of evidence. It imposed sentences of not less than 20 nor more than 30 years on the counts of forcible rape and statutory rape, such sentences "to run concurrently." On the count charging kidnapping, the court imposed a sentence of not less than 5 years nor more than 10 years, such sentence to run concurrently with the other sentences. Later the court permitted the withdrawal of the count charging statutory rape and vacated the sentence thereon.

With commendable candor the Attorney General has confessed error in the treatment and disposition of the pleas of guilty entered by the several plaintiffs in error. In his brief the Attorney General states:

"On June 1, 1962, information was filed in the District Court in and for the County of Saguache charging the Defendants with rape, statutory rape and kidnapping. Arraignment on these charges was held on the same day, and the Court accepted pleas of guilty to all charges from each of the Defendants. Before accepting those pleas, the Court made no inquiry into the voluntariness of the pleas, nor did it inquire into the Defendants' understanding of the nature of the charges, nor did it warn the Defendants of the precise penalty which may have resulted as a consequence of those pleas. Although the Court did question the Defendants concerning their desire to have counsel, the Court did not inform them of their right to counsel or their right to have counsel appointed."

Referring to Rule 11 (a), Colorado Rules of Criminal Procedure, the Attorney General advises that:

"We feel that the failure to precisely inform the Defendants of the possible penalty provided by statute for the offenses of rape, statutory rape, and kidnapping, was prejudicial error which affected the substantial rights of the Defendants."

The Attorney General properly cites in support of his

view the case of *Vanderhoof v. People,* 152 Colo. 147, 380 P. (2d) 903. Rule 11 (a) in part provides:

"A defendant personally or by counsel orally may plead guilty, not guilty, or, with the consent of the court, nolo contendere. The court *shall not accept the plea of guilty* without first:

"(1) determining that the plea is made voluntarily with understanding of the nature of the charge, and

"(2) explaining fully to the defendant his right to trial by jury, his right to counsel, and the possible penalty provided by statute for the offense charged." (Emphasis supplied.)

The acceptance of a plea of guilty depends upon the fulfillment of certain conditions. Absent the fulfillment of these conditions there can be no acceptance of a plea of guilty under this rule. *People v. Cooper,* 366 Ill. 113, 7 N. E. (2d) 882, 110 A.L.R. 223; *State v. Sewell,* 69 S.D. 494, 12 N.W. (2d) 198.

In these circumstances, since there was no acceptance of the pleas of guilty in accordance with the mandatory provisions of Rule 11 (a), the sentences are void, the judgment is reversed, and the cause is remanded with directions to vacate the judgment heretofore entered, re-arraign the plaintiffs in error, and proceed according to law.

MR. JUSTICE MCWILLIAMS not participating.

MR. JUSTICE HALL concurring in the result.