No. 22561.

ALBERT EDMOND MARTINEZ, JR. *v.* THE PEOPLE OF THE STATE OF COLORADO.
(442 P.2d 422)

Decided June 17, 1968.

John R. Naylor, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

A charge of aggravated robbery was filed against Martinez in 1961. Appearing without counsel, he originally pled not guilty by reason of insanity at the time of the alleged commission of the crime. Before entry of this plea, the defendant was advised he had a right to counsel and to receive the advice of counsel or that he could waive that right and enter a plea at that time if he desired. He stated "I'll waive it." After examination at the Colorado State Hospital, the defendant was found to be sane. Appearing again without counsel, defendant then entered a guilty plea after again being informed of his rights to counsel and a jury trial. He stated to the trial court that he did not wish to avail himself of these rights. He was sentenced to the State Penitentiary for a term of not less than ten nor more than twenty years.

134

A motion under Colo. R. Crim. P.35 (b) to vacate and set aside judgment of sentence was filed January 24, 1966. Counsel was appointed to represent the defendant and a hearing was held. The trial court denied this motion and the defendant now seeks reversal by his writ of error in this court.

The defendant contended in the trial court and urges here that the trial court violated his constitutional right to counsel by failure to properly and specifically inform him that he was entitled to "court appointed counsel." The thrust of the defendant's argument is that the trial court did not inform him expressly that, if he were indigent the trial court would appoint counsel for him. He postulates that this failure is equatable to a denial of the right to counsel.

Evidence presented at the 35 (b) hearing, including defendant's own testimony, revealed that on at least two prior occasions when he had been charged with other crimes, the trial court had appointed counsel for him. It was also shown that at the time of his guilty plea, he was 28 years of age and was knowledgeable about criminal court procedures.

█ The trial court in denying the defendant the post conviction relief he sought in substance held that when the defendant waived his right to be represented by counsel, he also knew because of his past experience in criminal court that had he informed the trial court he desired counsel, the court would have appointed counsel for him upon being advised of his indigency. Under the special circumstances of this case, we agree and hold that the evidence supports the trial court's finding that the defendant knew the court would have appointed counsel, had the defendant indicated any desire to be represented by counsel.

██ The test to be applied here is whether the defendant knowingly, intelligently, and competently waived a right which he knew existed even though the trial court did not specifically spell out to him that court

appointed counsel would be provided if he desired attorney representation. Under the evidence here, we hold that there was an intelligent and understanding waiver.

In *Carney v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed 2d 70, a test of waiver of counsel was reaffirmed as an intelligent and understanding rejection.

██ In addition, it has also been held that a plea of guilty has some probative value in determining waiver. See *Sandoval v. Tinsley,* 338 F.2d 48 (10th Cir.) and *Rice v. Olson,* 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367. Although a plea of guilty of itself creates no presumption of waiver, it may be considered where, as here, there is no claim of innocence. Nor does the defendant maintain that his plea of guilty was coerced or that the lack of counsel had some bearing on his plea. In our view, these circumstances also militate against the conclusion that the defendant's waiver of counsel was not an intentional abandonment of a known right.

Judgment affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE PRINGLE concur.