No. 23332.

Donald Anthony Ward *v.* The People of the
State of Colorado.
(472 P.2d 673)

Decided July 13, 1970.     Rehearing denied August 24, 1970.

Edward H. Sherman, Public Defender, Earl S. Wylder, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

This is a proceeding under Colo. R. Crim. P. 35(b). The district court denied the requested relief. We affirm.

The defendant (plaintiff in error here) was charged in eight counts with robbery, rape, unnatural carnal copulation, assault to murder, and conspiracy to commit each of such four crimes. An attorney was appointed to represent the defendant. This attorney had a wide experience in the defense of criminal actions, having appeared in 400 or 500 of such cases. The district attorney's office agreed to dismiss the other seven charges in the event that the defendant entered a plea of guilty to the charge of rape. Thereafter, the defendant appeared in court with his attorney for arraignment, and upon arraignment, the defendant entered a plea of guilty. The record then contains the following:

"THE COURT: Mr. Ward, before the Court can accept your plea, he must warn you of your rights and the consequences of your plea. I am sure Mr. Klein, your attorney, has advised you but it is also the duty of the Court to advise you. You are entitled to be represented by an attorney, which you are, and you are also entitled to a jury trial, a jury of twelve people, and by this plea, however, you are waiving that right. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Also, under this plea, the Court can sentence you from three years to life. That is the correct sentence, isn't it?

"MR. ETTENBERG: Yes, Your Honor.

"THE COURT: Three years to life. Knowing that fact, do you still persist in your plea?

"THE DEFENDANT: Yes, I do, Your Honor.

"THE COURT: All right. The Court will accept the plea of guilty."

The defendant and his attorney appeared before the same judge 28 days later for rearraignment and, upon rearraignment, he again entered a plea of guilty. Immediately thereafter the record is as follows:

"THE COURT: Mr. Ward, you are entitled to a jury trial and entitled to be advised by counsel, and you are represented by an attorney, Mr. Klein, but under this plea, you are waiving your right to a jury trial and also under this plea, the Court can sentence you to the State Penitentiary from three years to life or the Court can sentence you under the Sex Offender's Act from one day to life. Knowing the penalties, do you still persist in your plea?

"DEFENDANT WARD: Yes, I do, Your Honor.

"THE COURT: The plea will be accepted."

He received a sentence of 25 years to life.

The defendant contended in the district court and here: (1) that the court erred in accepting the plea of guilty without first determining that the plea was voluntary and that the defendant understood the nature of the charge as required by Colo. R. Crim. P. 11(a); and (2) that in entering a plea of guilty he relied upon assurances made to him that he would receive a seven to ten year sentence. At the 35(b) hearing there was ample evidence to sustain the court's finding that no assurance as to the length of the sentence was given the defendant. Our consideration is therefore limited to the first ground asserted by the defendant.

■ Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 was announced on June 2, 1969. We will assume for the purpose of this opinion, but will not decide, that if the defendant had entered his plea of guilty after that date he would be entitled to reversal under the rule there announced. Boykin is not controlling here as it is not retroactive in operation and is effective only prospectively. United States ex rel. Hughes v. Rundle, 419 F.2d 116; Arbuckle v. Turner, 306 F. Supp. 825; Quillien v. Leeke, 303 F. Supp. 698; United States ex rel. Wiggins v. Commonwealth of Pa., 302 F. Supp.

845; and *Commonwealth v. Godfrey,* 434 Pa. 532, 254 A.2d 923.

The court's denial of relief requested by the defendant had to be predicated upon a finding by the court that the defendant voluntarily entered the plea with an understanding of the nature of the charge. At least in the pre-Boykin era there was no prescribed ritual or wording to be employed under Colo. R. Crim. P. 11(a). *Martinez v. People,* 166 Colo. 132, 442 P.2d 422; and *Lucero v. People,* 164 Colo. 247, 434 P.2d 128.

The record adequately supports the finding of the trial court.

Judgment affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE LEE concur.