No. 25125.

THE PEOPLE OF THE STATE OF COLORADO v. HUBERT MASON, JR.
(491 P.2d 1383)

Decided December 27, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, RANDOLPH M. KARSH, Deputy, for defendant-appellant.

*En Banc.*

PER CURIAM.

THIS matter is here on appeal from a ruling of the Denver District Court refusing to vacate a plea of guilty which the defendant Hubert Mason, Jr. contends is invalid.

On November 1, 1968, Mason appeared for arraignment on a charge of so-called "aggravated" robbery. At that time, the district attorney moved to amend the information to include a second count of "simple" robbery. Before granting the district attorney's motion, the trial court asked the defendant whether his retained counsel had explained the second count to him. The defendant replied in the affirmative. Thereafter, the defendant pleaded guilty to the second count. Thereupon, the district attorney dismissed the charge of "aggravated" robbery. At no time did the trial court advise the defendant of the elements of the crime with which he was charged, nor make any inquiry of defendant's knowledge of those elements other than whether defendant's attorney had explained it to him.

The Attorney General has confessed error, and has advised the Court that, in his opinion, the sentence must be vacated. We agree.

It is axiomatic that a plea of guilty cannot stand unless a defendant understands the nature and elements

of the crime with which he is charged before he enters such a plea. We have pointed out repeatedly in this state that United States Supreme Court decisions compel that the facts showing defendant's knowledge be spread upon the record. *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971); *Westendorf v. People,* 171 Colo. 123, 464 P.2d 866 (1970); *Martinez v. People,* 152 Colo. 521, 382 P.2d 990 (1963).

The record in this case is barren of any testimony as to what defendant's attorney told him, and as to what specifically he knew about the nature and elements of the charge when he pleaded guilty. Just as in *Randolph, supra,* nothing apart from the baldest conclusions establishes that the defendant here knew the nature and elements of the crime with which he was charged. No factual basis appears in the record to support the plea.

■ We point out that since the guilty plea here was a result of plea bargaining, vacation of the plea results in an abrogation of the bargain, and we therefore see no impediment to the reinstatement of the charges dismissed as a result of the bargain.

The judgment is reversed and the cause remanded with directions that the sentence and the plea of guilty be vacated and the defendant be re-arraigned in accordance with law.