## No. 25215

## The People of the State of Colorado v. Gregory Alvarez
### (508 P.2d 1267)

Decided April 9, 1973.

214

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Gregory Alvarez has filed a Crim. P. 35(b) motion seeking to withdraw and set aside his plea of guilty to a charge of aggravated robbery. This is the defendant's second attempt to attack the constitutional validity of his guilty plea. When the defendant's motion is examined against a factual background, the constitutional grounds which are asserted are devoid of all merit. Accordingly, we affirm the trial court.

Alvarez entered a plea of guilty to the crime of aggravated robbery (1967 Perm. Supp., C.R.S. 1963, 40-5-1) while he was being tried for five separate offenses and while other charges were pending against him. He was represented by the public defender who fully investigated the charges which were pending against him. The public defender, with the defendant's permission, endeavored to effect a plea bargain and reviewed with the defendant the evidence which the prosecution intended to present to secure a conviction.

Defense counsel also advised the defendant of the possibility that the trial judge would impose consecutive sentences if he were convicted.

While the defendant was standing trial on five felony counts, defense counsel secured an agreement that all charges would be dismissed when the defendant plead guilty to the charge of aggravated robbery. Before the plea was accepted, the plea bargain was spread on the record, and the court made detailed inquiries to ascertain that the defendant knew the nature of the charge and to establish that the plea was voluntary. The information charging the various felonies, including the crime of aggravated robbery, was read in the defendant's presence at the time the jury was selected; and before the plea was accepted, the defendant waived the formal reading of the count in the information which charged aggravated robbery. The defendant also agreed that the presentence report could be used in lieu of evidence of aggravation or mitigation of the offense.

The facts which gave rise to the filing of multiple felony charges are undisputed in all but one particular. The defendant, in his Crim. P. 35(b) motion, contends that the robbery which was perpetrated by him was not, in fact, aggravated robbery. He claims that he was not armed with a gun and did not intend or have the ability to maim, wound, or kill if resisted and that he did not know that these were elements of the offense when he plead guilty. He admits that he committed the robbery but disputes the testimony of the robbery victim insofar as it relates to his possession and use of a gun in the robbery. The defendant claims that after he took the money from the victim, he fled to his car, which was located across the street from the robbery site, and obtained a pistol from the glove compartment. He now asserts that he only used the pistol to force the police to leave him alone. When an arrest was attempted, the defendant emptied his gun in a shootout with the police and then fled and hid in a garage for several hours before he returned to pick up his car. When he returned to his car, he was arrested, and the pistol was taken from him. He also

predicates a constitutional claim on the failure of the record to reflect that the trial judge advised him of each and every element of the crime of aggravated robbery and asserts that he entered a plea without knowing what the elements of the crime of aggravated robbery were.

■ Alvarez also contends that *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is to be applied retroactively, despite the fact that we have held to the contrary in *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970). *Accord, Cox v. Kansas,* 456 F.2d 1279 (10th Cir. 1972); *Green v. Turner,* 443 F.2d 832 (10th Cir. 1971).

The defendant also asserts that his attorney told him he would not be sentenced to a term of more than twenty years, although that statement is denied by defense counsel.

■ In effect, the defendant would have us read into Crim. P. 11 requirements that extend beyond the logical holding of both *Boykin v. Alabama, supra,* and *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *See also,* Erickson, *The Finality of a Plea of Guilty,* 48 Notre Dame Lawyer 835 (1973); Comment, *Rule 11 and the Constitutional Requirements for Guilty Pleas,* 6 Land & Water L. Rev. 753 (1971). The constitutional attack which the defendant makes in an effort to set aside his guilty plea fails when the law is applied to the facts. First, the defendant's assertion that he was not armed with a dangerous weapon and did not have the intent to maim, wound, or kill if resisted was a contested issue at trial. The defendant's testimony is contradicted by the robbery victim. It is also clear that defense counsel advised the defendant of the adverse testimony prior to the time the plea was entered. The defendant's claim that the plea was without factual basis is undercut by the fact that the defendant knew what the testimony was going to be and made a conscious choice as to an issue that would have been determined by the jury. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Moreover, the presentence report provides a factual basis for the plea and fully supports the trial court's decision. The

defendant claims that our decisions in *People v. Mason,* 176 Colo. 544, 491 P.2d 1383 (1971); *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971); and *Westendorf v. People,* 171 Colo. 123, 464 P.2d 866 (1970) dictate a different result. The decisions which are looked to for support were decided after the United States Supreme Court imposed the formalities set out in *Boykin v. Alabama, supra,* upon the states. In *Ward v. People, supra,* we said:

"At least in the pre-Boykin era [prior to June 2, 1969] there was no prescribed ritual or wording to be employed under Colo. R. Crim. P. 11(a). *Martinez v. People,* 166 Colo. 132, 442 P.2d 422; and *Lucero v. People,* 164 Colo. 247, 434 P.2d 123."

A guilty plea cannot stand if it lacks a factual basis and is not voluntary and accurate. *See American Bar Association Standards for Criminal Justice Relating to Pleas of Guilty* § § 1.5, 1.6. However, to look to a ritual which is called the providency hearing and to ignore facts which are before the court and which were developed and appear in the record of the Crim. P. 35(b) hearing is to place formality on a higher plane than justice or constitutional requirements. *Morgan v. State,* Me., 287 A.2d 592 (1972). *See X. v. United States,* 454 F.2d 255 (2d Cir. 1971), which held that the ascertainment of a factual basis for the guilty plea by the sentencing judge in a pre-*McCarthy* case corrected the failure to establish a factual basis for the plea on the record at the time the plea was accepted. *See also,* Davis, *The Guilty Plea Process: Explaining the Issue of Voluntariness and Accuracy,* 6 Val. U. L. Rev. 111 (1972).

■ We are also convinced that the defendant's second contention is without merit. In the course of the Crim. P. 35(b) proceedings, the defendant admitted that he knew the difference between simple robbery and aggravated robbery. He also told the trial judge that he understood the nature of the charges which had been made against him, and his counsel testified that he had explained the elements of the crime of aggravated robbery to the defendant in meaningful

and simple language.

The record which is before us establishes that the defendant was represented by counsel and knew the elements of the crime of aggravated robbery. He was also told the sentence which could be imposed and consciously elected to enter a plea of guilty in exchange for the dismissal of other serious felony counts after he was apprised by his counsel of the evidence which the prosecution intended to offer to obtain a conviction. The record which was made at the time the guilty plea was accepted, coupled with the record of the Crim. P. 35(b) proceedings, establishes that Crim. P. 11 was complied with and that the defendant was not denied rights guaranteed to him by the Constitutions of the United States or the State of Colorado.

We, accordingly, affirm the trial court.