## No. 26076

## The People of the State of Colorado v. Kenneth Keenan
### (524 P.2d 604)

Decided July 15, 1974.

318

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Peter H. Ney, for defendant-appellant.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a Crim. P. 35(b) hearing in which the Jefferson County District Court refused to vacate a plea of guilty which the defendant, Kenneth Keenan, contends was invalid. We reverse.

On January 25, 1972, Keenan and another were charged with unlawful sale of narcotic drugs, C.R.S. 1963, 48-5-20, unlawful possession of a narcotic drug, C.R.S. 1963, 48-5-2, and unlawful possession of dangerous drugs, 1971 Perm. Supp., C.R.S. 1963, 48-8-2(5). Keenan pleaded guilty to the felony charge of unlawful possession of a narcotic drug and was sentenced to the penitentiary. The drug involved in the

case was marijuana and under the statutes in effect at the time of the plea, possession of that drug in quantities of one-half ounce or less, upon a first conviction, was only a misdemeanor. 1971 Perm. Supp., C.R.S. 1963, 48-5-20 (7)(a)(i).

The record at the providency hearing shows that when the defendants pleaded guilty to unlawful possession of narcotic drugs, their attorney stated he had explained the "effects" of the guilty plea. The trial judge ascertained that the defendants had the requisite knowing intent to possess marijuana. However, the record contains no advisement that the crime charged in the information was felonious possession of "more than one-half ounce of a narcotic drug, to wit: Cannabis Sativa L."

The importance of following Crim. P. 11 and thereby creating an unambiguous record is demonstrated by this case. The defendant Keenan now asserts that his plea is invalid because he did not realize he was pleading guilty to possession in connection with the sale he witnessed between his codefendant and undercover agents. Rather, Keenan argues that he thought he was pleading guilty to possession of a small amount of marijuana he kept at his home and turned over to officers after the sale. Keenan claims he would not have pleaded guilty if he had known that the possession of more than one-half ounce of marijuana was required to constitute the felony to which he pleaded guilty.

While no precise ritualistic procedure need be followed by the trial judge, it remains necessary to establish that the defendant knows the elements of the charge, and thus voluntarily waives his right to trial by pleading guilty. *People v. Canino,* 181 Colo. 207, 508 P.2d 1273; *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267. As in *Alvarez, supra,* the defendant's knowledge of the elements of the crime may be developed in the Crim. P. 35(b) hearing; and as we indicated in *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650, the defendant's attorney for the prior hearing and sentencing may testify in the 35(b) hearing that the defendant knew and understood all the elements of the crime

charged. However, defendant Keenan was the only witness at the 35(b) hearing, and he stated unequivocally that he had no knowledge that more than one-half ounce of marijuana was required to be in his possession before he would be convicted of a felony. The district attorney did not even cross-examine on this point.

█ A guilty plea cannot be valid unless the defendant understands the elements of the crime with which he is charged. We have a long line of authority holding that the record must clearly show the defendant's knowledge. *People v. Cumby,* 178 Colo. 31, 495 P.2d 223; *People v. Colosacco, supra; People v. Mason,* 176 Colo. 544, 491 P.2d 1383; *People v. Riney,* 176 Colo. 221, 489 P.2d 1304; *People v. Randolph,* 175 Colo. 454, 488 P.2d 203; *Westendorf v. People,* 171 Colo. 123, 464, P.2d 866; *Martinez v. People,* 152 Colo. 521, 382 P.2d 990.

█ Crim. P. 11 of the Colorado Rules of Criminal Procedure requires the trial judge to determine that the defendant understands the nature of the charge before accepting a plea of guilty. Unfortunately, a critical element of the crime to which defendant was pleading guilty here was not mentioned by the trial judge. This oversight was not cured as there is no evidence before us of defendant Keenan's knowledge that the crime to which he pleaded guilty involved the possession of more than one-half ounce of marijuana. We must therefore order the plea of guilty in this case vacated. However, since plea bargaining is involved here, the charges dropped as a result of the plea bargaining may be reinstated. *People v. Colosacco, supra; People v. Mason, supra.*

The judgment is reversed and the cause remanded with directions that the sentence and the plea of guilty be vacated, and for such further proceedings as are necessary.