## No. 26240

### The People of the State of Colorado v. Mark Rowley Musser
(529 P.2d 626)

Decided December 23, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Montgomery, Little, Young & Ogilvie, P.C., David A. Ogilvie, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a Crim. P. 35(b) hearing in which the

Jefferson County District Court refused to vacate a plea of guilty. The defendant Mark Rowley Musser contends that reversal of the district court is required because of our order to vacate the guilty plea of his co-defendant, Kenneth Keenan, in *People v. Keenan,* 185 Colo. 317, 524 P.2d 604. We disagree and affirm the ruling of the trial court.

On January 25, 1972, Musser and Keenan were charged with unlawful sale of narcotic drugs, C.R.S. 1963, 48-5-20, unlawful possession of a narcotic drug, C.R.S. 1963, 48-5-2, and unlawful possession of dangerous drugs, 1971 Perm. Supp., C.R.S. 1963, 48-8-2(5). Both defendants, pursuant to a plea bargain, pleaded guilty to the felony charge of unlawful possession of more than one-half ounce of the narcotic drug marijuana and were sentenced to the penitentiary. Under 1971 Perm. Supp., C.R.S. 1963, 48-5-20(7)(a)(i) the possession of one-half ounce or less of marijuana, upon a first conviction, is only a misdemeanor.

As we said in *Keenan, supra,* the record at the providency hearing shows that the defendants' attorney stated he had explained to the defendants the "effects" of the guilty plea to unlawful possession of a narcotic drug. Furthermore, the trial judge in response to direct questioning, received a direct answer from Musser that he possessed marijuana, and intended to have it with him; that no promises or threats had been made to him to get him to change his plea; and that he understood that he had the right to trial by jury at which the district attorney would have to prove all the allegations of the complaint even if the defendants did nothing. He further advised Musser that he could receive a sentence of from 2 to 15 years, and Musser specifically stated he understood that. As in *Keenan,* however, the trial judge did not explain to the defendants that the crime charged in the information was the felonious possession of "more than one-half ounce of a narcotic drug, to-wit: Cannabis Sativa L."

Nevertheless, Musser's involvement in the charged transaction compels us to reach a result opposite from our conclusion in *Keenan.* Keenan asserted that his plea was invalid because he did not realize he was pleading guilty to possession in connection with the sale he witnessed between the undercover agents and Musser. Rather, Keenan claimed that he thought he was pleading guilty to possession of a small amount of marijuana he kept at his

home and turned over to officers after the sale. Keenan alleged that he would not have pleaded guilty if he had known that more than one-half ounce was required for felony possession in his case, and Keenan's allegations were never questioned by the district attorney in cross examination or through the introduction of other testimony.

Musser, however, has never contended that he possessed less than one-half ounce of marijuana. Indeed, the only evidence presented in this case indicated that Musser was the principal in the sale of seven pounds of marijuana, that the sale was at his residence and that he produced the marijuana when the sale was finalized. In light of the circumstances present with respect to Musser, his knowledge that the crime to which he plead involved the possession of more than one-half ounce of marijuana is obvious.

■ Our cases recognize the need for a full providency hearing and the necessity that a defendant be aware of the elements of the crime with which he is charged before a guilty plea may be accepted. *People v. Cumby,* 178 Colo. 31, 495 P.2d 223; *People v. Mason,* 176 Colo. 544, 491 P.2d 1383; *People v. Riney,* 176 Colo. 221, 489 P.2d 1304; *People v. Randolph,* 175 Colo. 454, 488 P.2d 203. However, as pointed out in *People v. Canino,* 181 Colo. 207, 508 P.2d 1273, 1275, ''our concern has always been with reality and not ritual . . . . To us, it would be the height of sophistry, under the circumstances of this case, to vacate the defendant's plea because of the court's failure to set forth in the record the elements of the crime . . . .''

■ The defendant Musser also claims that his plea was not voluntarily entered and that the trial judge did not properly explain Musser's right to trial by jury. These claims have no merit. The judge determined that no promises or threats had been made to the defendant to persuade him to change his plea. Also, the judge explained the burdens on the prosecutor if the defendant elected to pursue his right to trial by jury. Nothing more is required of trial judges when determining the voluntariness of a guilty plea or when explaining the right to trial by jury. *See Bradley v. People,* 175 Colo. 146, 485 P.2d 875.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.