565 P.2d 945 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Albert Joseph GONZALES, Defendant-Appellant.
No. 75-878.
Colorado Court of Appeals, Div. II.
January 20, 1977.
Rehearing Denied March 3, 1977.
Certiorari Denied June 13, 1977.
*946 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Mary G. Allen, Deputy State Public Defender, Denver, for defendant-appellant.
VanCISE, Judge.
Defendant appeals his conviction of felony theft of an automobile and two counts of being an habitual criminal. See §§ 18-4-401 and XX-XX-XXX, C.R.S. 1973, respectively. He contends that the trial court erred in (1) giving the special deadlock instruction to the jury, (2) denying a mistrial after the prosecutor misstated the law in closing argument, and (3) refusing to suppress the use of two prior felony convictions. We affirm.

I.
The jury heard approximately three and one-half hours of testimony on September 24, 1974. The following day, the case was submitted to the jury at 10:11 A.M. and, except for lunch, it deliberated until 5:07 P.M. when the jurors were called into the jury box. On inquiry by the court, the foreman reported they were close to a verdict. The jury was then excused for the night and resumed its deliberations at 9 *947 A.M. the following morning. At 10:26 A.M., the jury was returned to the jury box and, over objection of defense counsel, the court read the supplemental instruction as contained in Colo. J. I.Crim. 36:14, the so-called modified Allen instruction. The jury resumed deliberations and returned a verdict of guilty at about 11:10 A.M.
The defendant claims that, since there was no indication that the jury was deadlocked, since it had reported it was close to a verdict, and since an appropriate time lapse between the submission of the case to the jury and the giving of the instruction had not occurred, the trial court abused its discretion by giving that instruction. We do not agree.
The time lapse between the submission of the case to the jury and the time that the Allen type instruction is given depends on the particular circumstances of the case and rests within the sound discretion of the trial court. Mogan v. People, 157 Colo. 395, 402 P.2d 928. In the instant case, the only real issue was whether the circumstantial evidence, which included a palm print on the car door handle, established beyond a reasonable doubt the taking and the requisite theft intent. The total testimony took less than three and one-half hours. The jury had the case for more than 24 hours, and actually deliberated for between eight and nine hours. There was no abuse of discretion here. Blash v. People, 162 Colo. 484, 426 P.2d 966; Olguin v. People, 115 Colo. 147, 170 P.2d 285; Leech v. People, 112 Colo. 120, 146 P.2d 346.

II.
The jury was instructed, without objection, on felony theft and on the lesser offense of joyriding, § 18-4-409, C.R.S. 1973. Defendant contends that in his closing argument the prosecutor conveyed to the jury the notion that some intent to return the car had to be shown in order to reduce the offense from theft to joyriding, that this is not a correct statement of the law, and that a mistrial should have been granted based upon that statement. We disagree.
The prosecutor, urging that the evidence showed theft and not joyriding, properly pointed out that the major distinction between the two charges is whether the defendant had the intent to deprive the owner of the use of the car permanently or temporarily. He then stated:
"Now, when he drove that car on July 2, do you see any evidence in this case that his specific intent was to use the car temporarily, that his specific intent was to return it? Was he on the way back to Phil Long Ford when he was headed northbound on Weber?"
Defense counsel then objected to the return part, as not a requirement of joyriding. After the objection was overruled, the prosecutor then said to the jury:
"Ladies and Gentlemen, you read the instructions, you read the law. It says `temporarily deprive.' It doesn't say that he has to have a specific intent to return it. I don't argue with [defense counsel] on that, but do you see anything in this evidence that indicates anything other than he was going to keep it?"
Viewed in context, the prosecutor's comments did not misstate the law nor instruct the jury contrary to the instructions of the court. Additionally, the jury was instructed that arguments were not evidence and were not to be considered as such. The motion for mistrial was properly denied. See People v. Pesis, Colo., 536 P.2d 824; Kelly v. People, 121 Colo. 243, 215 P.2d 336.

III.
During the habitual criminal proceedings, conducted after the jury had found the defendant guilty of felony car theft, the prosecution offered both direct and documentary proof of prior convictions based on guilty pleas in 1968 to first degree burglary and in 1971 to two counts of felony theft. The defendant introduced into evidence transcripts of the providency hearings in each case. The record showed defendant was represented by counsel on both occasions, and in each instance other charges were not further prosecuted on acceptance *948 of the pleas. The defendant claims that in both cases the guilty pleas were involuntary and contends that the court should have suppressed the use of both convictions. We do not agree.
Whether the previous convictions were constitutionally procured is an issue which may properly be raised in an habitual offender proceeding. See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; Swift v. People, 174 Colo. 259, 488 P.2d 80. If a defendant's guilty plea was not voluntary and knowing, it was obtained in violation of due process, and a conviction based thereon cannot be used for the purpose of enhancing the punishment for another offense. See Swift v. People, supra. The test in this state for voluntariness of a guilty plea is whether there was compliance by the sentencing court with the requirements of Crim.P. 11 in effect at the time of the plea and of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as to a plea received after its announcement date, June 2, 1969. People v. Hubbard, 184 Colo. 243, 519 P.2d 945. Boykin is not applied retroactively. People v. Alvarez, 181 Colo. 213, 508 P.2d 1267.

THE 1968 CASE
Crim.P. 11(a) in effect in 1968 provided that:
"The court shall not accept the plea of guilty without first:
(1) determining that the plea is made voluntarily with understanding of the nature of the charge, and
(2) explaining fully to the defendant his right to trial by jury, his right to counsel, and the possible penalty provided by statute for the offense charged."
At that time, there was no affirmative obligation on the trial court to inform the defendant of the specific elements of the crime. People v. Canino, 181 Colo. 207, 508 P.2d 1273. The trial judge's duty was satisfied if he found from the evidence presented that the defendant understood the nature of the charge. People v. Hubbard, supra.
In the 1968 case, the court carefully explained the possible penalty and places of incarceration, that defendant was charged with breaking and entering a dwelling house with the intent to commit theft therein, and that by his plea he was giving up his right to a jury trial and to have the jury determine whether he was guilty. The defendant said he understood. He stated that he and his counsel had talked the matter over two or three times, that no threats and no promises had been made, and that he was not under drugs or medication. As to why he wanted to enter such a plea, he said it was to have the other charges dropped and to get the burglary charge cleared up. This satisfied the requirements of the rule then in effect. People v. Lottie, 183 Colo. 308, 516 P.2d 430.
Defendant now argues that, when he pled guilty, he had an inadequate understanding of the nature of the charge and did not know that intent to commit a crime within the dwelling was an essential element thereof. However, the court specifically told him, and he said that he understood, that the charge included his having the intent to commit theft at the time of breaking into the house.
Even had he protested his innocence when he entered his plea of guilty, the plea would be upheld if the trial court was satisfied that the plea was voluntarily and knowingly made. People v. Canino, supra. At the same hearing, testimony was presented that defendant, after being advised of his rights, had made a full confession showing that he had broken a front door glass to gain entry, had entered, and had taken two guns and $34 from the house.
From the above, the court properly accepted the plea as voluntarily and knowingly entered. Hence, there was no error in refusing to suppress the use of this conviction in the present proceeding.

THE 1971 CASE
Crim.P. 11 (1970), in effect at the time of the pleas in the 1971 case, provided in pertinent part:

*949 "(b) Rights of an Accused. When a defendant is brought before a court, it is the duty of the judge to inform him and determine that he understands:
(1) He need make no statement and any statement made can and may be used against him;
(2) He has a right to counsel;
(3) If he is an indigent person, he will be assigned counsel as provided in Rule 44;
(4) Any plea he makes must be voluntary on his part and not the result of undue influence or coercion on the part of anyone;
(5) He has a right to bail, if the offense is bailable, and the amount of bail that has been set by the court.
. . . . . .
(c) Pleas of Guilty and Nolo Contendere. The court shall not accept a plea of guilty or a plea of nolo contendere without first determining that the defendant is advised of all the rights set forth in (b) of this Rule and also determining:
(1) That the defendant understands the charge against him;
(2) That the plea is voluntary on defendant's part and is not the result of undue influence or coercion on the part of anyone;
(3) That he understands the right to trial by jury;
(4) That he understands the possible penalty or penalties and the possible places of incarceration;
(5) And that the defendant understands that the court will not be bound by any representations made to the defendant by anyone concerning the penalty to be imposed or the granting or the denial of probation."
This rule met the constitutional requirements set forth in Boykin v. Alabama, supra, that a defendant be aware of the elements of the offense and that he voluntarily and understandingly acknowledge his guilt. People v. Duran, 183 Colo. 180, 515 P.2d 1117; People v. Canino, supra. Although the rule requires the court to determine that defendant "is aware" of his various constitutional rights, nowhere within its provisions is there a requirement that the court during the guilty plea proceedings again inform the defendant of the particular rights or matters set forth therein. People v. Marsh, 183 Colo. 258, 516 P.2d 431. Adherence to a formal ritual by the trial court was not required by Crim.P. 11 (1970). People v. Alvarez, supra, nor is this a constitutional requisite. People v. Canino, supra.
In this case, the record shows that in June 1971 the defendant was advised by the court of his rights specified in 1970 Crim.P. 11(b)(1), (2), (3), and (5), and also of the nature of the seven charges against him, his right to a jury trial, and the possible penalties and possible places of incarceration. See 1970 Crim.P. 11(c)(1), (3), and (4). Thereafter, at the time the guilty pleas to two of the counts were offered in December 1971, the court explained to the defendant the nature of these two charges in the words used in the charges. See People v. Pauldino, 187 Colo. 61, 528 P.2d 384; Bradley v. People, 175 Colo. 146, 485 P.2d 875. Defendant said he understood, had no questions, and admitted his guilt. The court advised that the possible penalties were from one to ten years in the penitentiary, that the court is not bound by any agreements or promises or by anything said in discussions between counsel as to sentence or probation, that in pleading guilty he would be waiving his right to a jury trial and the right to present defenses and call witnesses and other matters concerning having this case tried by a jury. To each of these advisements the defendant stated that he understood.
The court then found that the defendant "understands the consequences of his pleas, that he has been informed concerning these matters, and that he makes this plea voluntarily without any threat or duress from anybody concerned in this case." Accordingly, there was no error in refusing to suppress the use of this conviction in the instant case.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.