## Commonwealth v. Fisher

*J. Michael Eakin, Assistant District Attorney,*
for Commonwealth.
*Victor Dell'Alba,* for defendant.

SHUGHART, *P.J.,* May 7, 1980—Defendant,
Donald R. Fisher, was charged with recklessly en-
dangering another person, conspiracy to commit
burglary and corruption of minors.[1] On September
12, 1978 defendant, represented by private coun-
sel, pleaded guilty to recklessly endangering
another person and the reduced charge of conspir-
acy to commit criminal trespass. On April 17, 1979
the court imposed sentence on these charges.

Thereafter defendant sought relief under the Post
Conviction Hearing Act of January 25, 1966, P.L.
1580, 19 P.S. § 1180-1 et seq. (hereinafter PCHA),
alleging, inter alia, incompetent counsel. After a
hearing on November 26, 1979, the court vacated
defendant's sentence and directed the Common-
wealth to proceed with the prosecution. On Feb-
ruary 11, 1980 defendant was brought to trial on the
original charges of conspiracy to commit burglary

---

1. In two other complaints defendant was charged with
simple assault and making terroristic threats, both of which
arose from the same series of events as the current charges.
None of these charges are involved in this proceeding. In addi-
tion, charge (A), recklessly endangering another person, was
not pursued by the Commonwealth at the trial.

and corruption of minors. On February 13, 1980 he was found guilty of both charges. Motions for a new trial and in arrest of judgment were filed and are presently before us.

Defendant contends that the court erred in refusing to grant a continuance so that a material witness could appear and for refusing to grant the defendant's pretrial motion to have the charges dismissed for an alleged violation of Pa.R.Crim.P. 1100.

The first reason assigned was not briefed or argued by defendant and, therefore, it is waived: C.C.R.P. 210-4;[2] Com. v. Van Cliff, 483 Pa. 576, 397 A.2d 1173 (1979); Com. v. Williams, 476 Pa. 557, 383 A.2d 503 (1978).

Defendant's second contention presents a more interesting proposition. Defendant argues that the reinstatement of and subsequent trial on the *original* charges of conspiracy to commit burglary and corruption of minors violate his right to a speedy trial under Rule 1100. Rule 1100(a)(2) provides that "[t]rial in a court case. . . shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." The trial here took place more than 180 days after the charges were filed.

While admitting that more than 180 days have passed between the filing of the complaint and defendant's trial, the Commonwealth contends that the running of the 180 day period was tolled when defendant pleaded guilty to the lesser charge of conspiracy to commit criminal trespass and recklessly endangering another person, well within the 180 day period. The Commonwealth contends that the plea of guilty to these charges resulted from a

---

2. Cumberland County Rules of Procedure.

plea bargain and argues that the subsequent withdrawal of the guilty plea in effect reinstates all of the charges in the information for purposes of Rule 1100.

Defendant argues that this result flows only where a defendant is tried on the charges to which he previously entered a plea of guilty, but it is not applicable to charges as to which no plea is entered. The Commonwealth contends that where a bargained plea is set aside defendant may be tried on all the original charges filed against him.

Defendant asserts that his plea did not result from a plea bargain with the Commonwealth and therefore he concludes that the charges on which there was neither a plea nor a trial are barred by Rule 1100. If there had been no plea bargain, defendant's contention would have merit. However, after a careful review of the record of defendant's guilty plea, the conclusion is inescapable that defendant's plea resulted from a plea bargain agreement. The following language found in the transcript of defendant's guilty plea colloquy completely supports this result:

"Mr. Eakin (Assistant District Attorney): The Commonwealth here is agreeable to accept pleas of guilty to the count of recklessly endangering and a count of conspiracy to commit criminal trespass. . . . *We are agreeable to accepting pleas to those two counts in satisfaction of all charges at 739.*"[3] (Emphasis added.)

In addition, the Judge stated:

"One other thing that I want to put in the record. The district attorney did reduce some of these

---

3. Notes of testimony of defendant's guilty plea colloquy on September 12, 1978.

charges and accept pleas to others and dropped other charges. *As far as I am concerned, that is the extent of the agreement and any other agreements that you may have had between you, your counsel and the district attorney as to sentence or anything else are not binding on the court.* Do you understand that?"

"Defendant: Yes sir." (Emphasis supplied.)

The foregoing establishes beyond peradventure that the assistant district attorney, the court and defendant were all aware that a plea bargain agreement, with the terms fully enunciated by the district attorney, had been entered into.

Based on these findings was the trial on the original charges in violation of Rule 1100? No Pennsylvania cases on point have been cited, nor has our research discovered any. Courts in other jurisdictions have stated that a defendant's right to a speedy trial is not violated when charges, dismissed as a result of a plea bargain, are reinstated following defendant's withdrawal of his guilty plea. See United States v. Loe, 586 F. 2d 1015 (4th Cir. 1978); United States v. Wells, 430 F.2d 225 (9th Cir. 1970); People v. Keenan, 185 Col. 317, 524 P.2d 604 (1974); Wynn v. State, 22 Md. App. 165, 322 A.2d 564 (1974). Pa.R.Crim.P. 1100 is designed to afford a defendant a speedy trial. For this reason, the cases cited are applicable to the present situation notwithstanding the fact that they did not involve an alleged violation of any rule similar to Rule 1100. "[S]ince the guilty plea here was a result of plea bargaining, vacation of the plea results in an abrogation of the bargain, and we therefore see no impediment to the reinstatement of the charges dismissed as a result of the bargain." People v. Mason, 176 Col. 544, 546, 491 P.2d 1383, 1384

(1971). When the guilty plea was abrogated the situation reverted to the original status with the Commonwealth able to proceed as to any and all charges in the information. We conclude that the 180 day provision of Rule 1100 was not violated when the original charges were reinstated. Trial here took place well within 180 days of the withdrawal of the plea.

Although plea bargains have been criticized, it is clear that without them our entire criminal justice system would break down. Properly employed, a plea bargain, like a settlement in a civil case, results in a give and take on both sides.[4] Typically charges are dropped or reduced by the Commonwealth in exchange for a guilty plea to a less serious charge by the defendant, with or without some understanding as to the sentence to be imposed. We have no knowledge of any case, nor do we believe there are any, where the Commonwealth has been permitted to abrogate its agreement. On the other hand, for various reasons defendants have been permitted to withdraw a bargained plea. Reason and justice demand that a defendant cannot thereby benefit from the agreement of the Commonwealth and by his own withdrawal at the same time. Surely defendant cannot both have his cake and eat it.

Finally, a decision adopting defendant's position would, in effect, eliminate plea bargains since no reasonable district attorney would enter into such an agreement knowing that he would be forever precluded from prosecuting the more serious charges if the defendant were to subsequently withdraw his plea.

---

4. No plea of guilty should ever be accepted unless there is an admission of facts constituting the offense.

## ORDER

And now, May 7, 1980, for the reasons stated in the opinion filed this date, defendant's motions for a new trial and in arrest of judgment are denied and defendant is directed to appear at the Probation Office immediately so that a presentence investigation report can be prepared.