The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

James F. MOORE, Defendant-Appellant.

No. 80CA0398.

Colorado Court of Appeals, Div. III.

June 25, 1981.

Rehearing Denied July 23, 1981.

Certiorari Denied Nov. 23, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Marks & Olom, Jonathan L. Olom, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals the denial of his Crim.P. 35(b), now Crim.P. 35(c), motion to vacate three plea-bargained guilty pleas entered in prior cases. He contends that the trial court failed adequately to advise him of the nature and elements of each offense as provided by Crim.P. 11. We affirm.

A guilty plea which is not entered voluntarily and knowingly is obtained in violation of due process guarantees. *See People v. Mason*, 176 Colo. 544, 491 P.2d 1383 (1971). For a guilty plea to be deemed voluntary and knowing, there must be compliance with those provisions of Crim.P. 11 applicable at the time such plea is tendered. Further, as to guilty pleas tendered after June 2, 1969, the trial court must meet the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *See People v. Alvarez*, 181 Colo. 213, 508 P.2d 1267 (1973); *Ward v. People*, 172 Colo. 244, 472 P.2d 673 (1970).

Under consideration on this appeal is the validity of two pleas entered in 1968 and one entered in 1972, each a product of a respective plea bargain.

*The First 1968 Case*

Crim.P. 11(a) in effect in 1968 provided that:

"The court shall not accept the plea of guilty without first:

(1) determining that the plea is made voluntarily with understanding of the nature of the charge, and (2) explaining fully to the defendant his right to trial by jury, his right to counsel, and the possible penalty provided by statute for the offense charged."

Here, defendant entered a plea of guilty to the charge of burglary. At the providency hearing his attorney informed the court that defendant had been advised of the penalty provided by the statute, and of his right to trial by jury, his right to representation by counsel, and his right to call witnesses on his own behalf. The court then asked defendant if he understood what was happening and defendant replied affirmatively. Thus, there was an adequate basis in the record to support a conclusion that there had been full compliance with Crim.P. 11(a)(2).

The dispositive issue, therefore, is whether defendant entered the plea here in question "with understanding of the nature of the charge" as required by Crim.P. 11(a)(1). As to that issue, the entire record, including the portion relating to the Crim.P. 35(b) hearing, must be examined. *See People v. Alvarez, supra; People v. Keenan*, 185 Colo. 317, 524 P.2d 604 (1974).

The record here shows neither that the trial court read the charge to defendant

nor that defendant's attorney advised defendant as to the nature of the charge. However, the record does establish that at the time of the providency hearing defendant had an extensive criminal history which included previous burglary convictions in Colorado and Illinois; that prior to entering his plea defendant expressly waived any reading of the charges; that defendant, in connection with his application for probation, admitted committing the offense; and that at the Crim.P. 35(b) hearing defendant stated that when he entered his guilty plea he "knew what a burglary was."

Under these circumstances, we perceive no error in the trial court's conclusion that when defendant entered his plea he understood the nature of the charge of burglary. *People v. Simms*, 185 Colo. 214, 523 P.2d 463 (1974); *People v. Cruz* (Colo.App. Nos. 79CA0274 and 79CA0278, December 18, 1980) (not selected for official publication).

At the time here at issue, there was no ritualistic requirement that defendant be advised specifically of each of the elements of an offense to which he admitted his guilt. *Ward v. People, supra; Martinez v. People*, 166 Colo. 132, 442 P.2d 422 (1968). Accordingly, we conclude that the requirements of Crim.P. 11(a) then in force were fully satisfied. *See People v. Gutierrez*, 182 Colo. 55, 511 P.2d 20 (1973).

### The Second 1968 Case

■ In this case, defendant pleaded guilty to the charge of assault with a deadly weapon. At the providency hearing the defendant waived reading of the information. The trial court asked defendant if he understood the charge and if he had had an opportunity to read it and have it explained to him by his attorney. Defendant answered in the affirmative to both questions. The court advised defendant of his right to trial by jury, to representation by an attorney, and that the charge of assault with a deadly weapon carried a penalty of one to five years imprisonment. A witness testified as to the incident, thus providing a factual basis for the charge.

From the above, we conclude that the court properly accepted defendant's plea as voluntarily and knowingly entered; consequently, we hold that there was no violation of Crim.P. 11(a).

### The 1972 Case

■ The version of Crim.P. 11 applicable to this case specified in detail the duties of the trial judge and the rights of the accused regarding the entry of a guilty plea, including the requirement that "defendant understands the charge against him." *See People v. Gonzales*, 38 Colo.App. 522, 565 P.2d 945 (1977).

In this case, the record reveals that in August 1972 defendant pleaded guilty to the charge of simple robbery. In accordance with the specific requirements of Crim.P. 11, the court ascertained that defendant was not under the influence of drugs or intoxicating liquor, that he understood his right to trial, that no force or threats were used, and that his plea was voluntary. The court advised defendant that the possible penalties were from two to fourteen years in the penitentiary. Then, the court explained to defendant the nature of the charge in the words used in the charge and advised that if the case were to go to trial the prosecution would have to prove each and every allegation of the charge, and that defendant would have the right to testify or not to testify in his own behalf. It was explained that sentencing was within the province of the court and that the court is not bound by any agreements or promises. Defendant indicated that he understood each of these advisements. Furthermore, at defendant's Crim.P. 35(b) hearing the attorney who represented him at the providency proceeding testified that he spent a lot of time discussing with defendant his prospects if the case were tried.

In receiving the plea the court found that defendant "made truthful and knowing responses to the questions propounded to him ...." We agree with the trial court.

Defendant argues that the trial court failed adequately to explain the nature of the charge or the elements thereof. More specifically defendant contends that the trial court inserted an element not present in the statute, to wit, that defendant committed the assault "by force and intimidation" whereas the language of C.R.S.1963, 40–5–1(1), is "force *or* intimidation." (emphasis added)  We see no error.

■ While the rule in *Boykin v. Alabama, supra,* requires that the defendant understand the nature and elements of the crime charged for a guilty plea to be deemed knowingly made, it does not require the trial court to follow a ritualistic formula in ascertaining defendant's knowledge. *People v. Lambert,* 189 Colo. 264, 539 P.2d 1238 (1975).  Where, as here, the language of the charge is not highly technical, no fuller explanation of the substantive crime need be given than a reading of the charge itself before accepting a guilty plea.  See *People v. Gorniak,* 197 Colo. 289, 593 P.2d 349 (1979); *People v. Pauldino,* 187 Colo. 61, 528 P.2d 384 (1974).

■ Moreover, an oversight on the part of the trial court in the providency hearing may be cured if the record as a whole discloses evidence of understanding and knowledge. *See Keenan, supra.* The record as a whole is sufficient to demonstrate that defendant made a voluntary and understanding plea for which there was a factual basis.  Under these circumstances, we perceive no prejudice to defendant flowing from the trial court's inadvertent use of the phrase "force and intimidation" as opposed to the statutory language "force or intimidation."  *See Rowe v. People,* 26 Colo. 542, 59 P. 57 (1899).

Thus, relative to the 1972 case, we find no violation of Crim.P. 11.

Judgments affirmed.

KELLY and KIRSHBAUM, JJ., concur.