The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Ronald Ray BREWER,**
**Defendant-Appellant.**

**No. 81CA0186.**

Colorado Court of Appeals,
Div. III.

Jan. 21, 1982.

Rehearing Denied March 11, 1982.

Certiorari Denied July 12, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan Mele Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Margaret O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, Ronald Ray Brewer, appeals the denial of his Crim.P. 35(c) motion to vacate a guilty plea which he contends was invalid. We affirm.

In 1971, Brewer was charged with burglary, conspiracy to commit burglary, theft, and conspiracy to commit theft. After the commencement of trial in 1972, Brewer pled guilty to burglary, and the remaining charges against him were withdrawn.

Brewer brought a Crim.P. 35(c) motion to vacate his sentence and judgment in 1980, alleging that at his 1972 providency hearing the trial court failed to advise him adequately of the nature and elements of burglary, that a factual basis did not exist to support the plea, and that the plea was the result of coercion on the part of his attorney. Brewer then moved for a free transcript of the providency hearing, and it was discovered that the transcriber's notes had been lost. The Crim.P. 35(c) hearing then proceeded without the transcript. The court denied his motion, and this appeal followed.

Brewer asserts on appeal that since the transcript of his 1972 providency hearing was lost, there is insufficient evidence in the record to determine whether his guilty plea was entered voluntarily and knowingly and that, therefore, the trial court erred in denying his motion to vacate his sentence and judgment. We disagree.

Because a guilty plea involves the waiver of fundamental constitutional rights, due process requires that it be entered knowingly and voluntarily. *People v. Moore*, Colo. App., 636 P.2d 1290 (1981). For a guilty plea to be deemed voluntary and knowing there must be compliance with the provisions of Crim.P. 11. *People v. Moore, supra.* Moreover, the conduct of the Crim.P. 11 proceedings must affirmatively appear in the record since an appellate court cannot presume a waiver of constitutional rights from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *People v. Randolph*, 175 Colo. 454, 488 P.2d 203 (1971).

■ However, contrary to Brewer's contention, the absence of a transcript of the providency hearing is not necessarily equivalent to a silent record of the post-conviction review hearing. *See State v. Hall*, 188 Neb. 130, 195 N.W.2d 201 (1972). Whether a knowing and voluntary guilty plea was entered by a defendant may be determined by any evidence adduced at his Crim.P. 35(c) hearing. *People v. Keenan*, 185 Colo. 317, 524 P.2d 604 (1974).

■ When a defendant attacks a conviction and sentence by a motion under Crim.P. 35(c), the legality of the judgment and the regularity of the proceedings leading up to the judgment are presumed. *Lamb v. People*, 174 Colo. 441, 484 P.2d 798 (1971). The defendant must establish the allegations of his motion by a preponderance of the evidence, and the trial court

determines the weight and credibility to be accorded the testimony of witnesses at the hearing. *Lamb v. People, supra.*

The only witness that testified at the Crim.P. 35(c) hearing was Brewer. On direct examination he stated that at his providency hearing the court did not explain the elements of burglary to him or establish a factual basis for his plea. Significantly, on cross-examination, Brewer testified that he knew what he had been charged with and that he did not clearly remember what the trial court had said to him when he entered his plea. Further, the minute order of the court at the providency hearing states that the information containing the factual allegations substantiating the charges against Brewer was read to him, and that, prior to accepting the plea, the court fully explained to him the effects and consequences of his plea. Hence, in this case adequate evidence exists in the record to support the trial court's determination that Brewer entered his plea knowingly, and that a factual basis existed for the plea. *See People v. Lamb, supra; see also People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973); *cf. People v. Keenan, supra.*

Brewer's further contention that his plea was the result of coercion is without merit. The burden is on the defendant at a Crim.P. 35(c) hearing to show that his plea was entered because of coercion. *Normand v. People,* 165 Colo. 509, 440 P.2d 282 (1968). Brewer's testimony reveals only that his counsel at the providency hearing advised him to plead guilty rather than to proceed with trial. There is no evidence that his plea was induced by promises or threats which deprived it of the character of a voluntary act. Therefore, Brewer did not meet his burden of establishing that his plea was not entered voluntarily. *Normand v. People, supra; see People v. Musser,* 187 Colo. 198, 529 P.2d 626 (1974).

Judgment affirmed.

KIRSHBAUM and TURSI, JJ., concur.