The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael U. SUTKA, Defendant-Appellant.

No. 83CA1403.

Colorado Court of Appeals, Div. II.

Aug. 15, 1985.

Rehearings Denied Sept. 12, 1985.

Certiorari Denied (People) Feb. 24, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

T. Peter Craven, Glenwood Springs, for defendant-appellant.

KELLY, Judge.

After trial to a jury, defendant, Michael Sutka, was convicted of soliciting for child prostitution, pimping of a child, and pimping. Defendant was sentenced to sixteen years for soliciting for child prostitution,

sixteen years for pimping of a child, and four years for pimping. Also, because of the existence of three prior felony convictions, defendant was adjudicated to be an habitual criminal and was sentenced to life imprisonment pursuant to § 16–13–101(2), C.R.S. (1984 Cum.Supp.). Defendant appeals his adjudication as an habitual criminal, arguing, among other grounds for reversal, that two of the three prior felony convictions, a 1966 conviction under the Dyer Act and a 1980 conviction in Mesa County upon which the habitual criminal conviction rested are based on constitutionally infirm guilty pleas. We affirm in part and reverse in part.

In 1966 defendant was charged with a violation of the Dyer Act which carries a penalty of imprisonment of not more than five years, a fine of not more than $5,000, or both pursuant to 18 U.S.C. § 2312. Because of defendant's age, the court had discretion to sentence him under the Federal Youth Corrections Act, instead of under the Dyer Act. The Youth Corrections Act permits an indeterminate sentence not to exceed four years, plus two years of conditional supervision. 18 U.S.C. § 5010, § 5017(c). At the providency hearing, the trial court did not advise the defendant of the potential penalties under either statute. It nevertheless accepted the plea and sentenced the defendant under the Federal Youth Corrections Act.

■ At the time of the 1966 proceeding, Fed.R.Crim.P. 11 provided that the "court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with an understanding of the nature of the charge." In order to determine whether a plea of guilty is made with understanding of the nature of the charge, it is necessary for the court to take steps to satisfy itself that the defendant understood: "(1) The meaning of the charge, (2) what acts are necessary to establish guilt, and (3) the consequences of pleading guilty to the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir.1964).

■ For a guilty plea to be voluntary under Fed.R.Crim.P. 11, the defendant must have a complete understanding of the potential penalties. *Pilkington v. United States*, 315 F.2d 204 (4th Cir.1963). *See also Martinez v. People*, 152 Colo. 521, 382 P.2d 990 (1963). A defendant subject to the provisions of the Federal Youth Corrections Act must be informed of its penalties prior to the court's accepting a plea of guilty from the defendant. Otherwise, the guilty plea cannot be voluntarily and understandingly entered. *McCullough v. United States*, 231 F.Supp. 740 (N.D.Fla. 1964).

■ Here, since the defendant was not advised of the sentencing provisions of the Federal Youth Corrections Act, the plea was constitutionally infirm and, therefore, could not be used as a basis for enhanced punishment under the habitual criminal statute. *People v. Marquez*, 692 P.2d 1089 (Colo.1984).

■ Defendant next argues that his plea of guilty to aggravated motor vehicle theft in 1980 was not voluntarily or understandingly entered because he was promised probation, he was on medication at the time of the providency hearing, and there was an insufficient factual basis for the plea. The record belies these assertions.

At the providency hearing in 1980, the defendant was specifically advised by the court that he would not be eligible for probation because of his previous record. In response to the court's question concerning whether he was under the influence of any drugs, the defendant informed the court that he was taking medication for dental work. The court asked the defendant if the medication were interfering with his ability to make a judgment, and the defendant answered no. The court then asked the defendant if he had a clear mind and could make a sound judgment. Defendant responded that he could. Both the defendant and his lawyer accepted the presentence report as establishing a factual basis for the plea and specifically waived any additional factual basis.

■ Defendant also argues that his plea is unconstitutional because the trial judge, who accepted the plea in 1980, testified at

the hearing in this case that the defendant had an "insufficient education"—presumably insufficient to understand the proceedings. This argument lacks merit.

It is evident from the context in which these words appear in the record that the word "insufficient" is either a mistranscription by the court reporter or a misstatement by the trial judge. In contrast to this purported statement, the remaining testimony of the trial judge, together with other evidence in the record, indicate that the defendant entered his plea voluntarily with an understanding of the charge and of the consequences of pleading guilty.

Defendant's other contentions of error are either without merit, or, in view of our disposition, need not be addressed.

The convictions of the substantive offenses are affirmed. The adjudication of defendant as an habitual criminal is reversed, and the cause is remanded to the district court for resentencing on the substantive offenses and under § 16–13–101(1), C.R.S. (1984 Cum.Supp.). *See Watkins v. People*, 655 P.2d 834 (Colo.1982).

BABCOCK and METZGER, JJ., concur.