The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Phillip THIMMES, Defendant-Appellant.

No. 79CA0719.

Colorado Court of Appeals, Div. III.

Sept. 10, 1981.

Rehearing Denied Nov. 12, 1981.

Certiorari Denied April 26, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Phillip Thimmes, appeals his conviction after a trial to the court. We affirm.

Defendant was charged with the offense of criminal mischief on April 4, 1977, and entered a plea of not guilty on June 13, 1977. Trial commenced on October 4, 1977. On October 5, a mistrial was declared. The matter was continued to October 28, 1977, at which time a jury trial was set to begin on January 10, 1978. Defendant did not object to this setting.

On January 10, 1978, defendant requested a trial to court. A May 3, 1978, trial commencement date was agreed upon, and defendant waived his right to speedy trial from January 10, 1978, until the May date. On that date the trial was continued at defendant's request to June 22, 1978. On June 15, 1978, defendant filed a motion to dismiss for failure to grant a speedy trial after the October 5, 1977, mistrial. The motion was denied, and trial commenced on February 9, 1979.

At trial, Officer Charles Reyes testified that on January 17, 1977, he saw defendant and three other men exit a Pueblo, Colorado, bar and begin running along the street. Officer Reyes watched the men run up to buildings located along the street and kick out several store-front glass windows. On direct examination, officer Reyes testified that "they just appeared to be running at the building like drinking and kicking out the window." The prosecutor then asked, "All of them doing the same thing?", and officer Reyes replied, "All four of the parties. They were all in a group."

Defendant first contends that the trial court erred in denying his motion to dismiss for lack of speedy trial. We disagree.

Section 18–1–405(1), C.R.S.1973 (1978 Repl.Vol. 8) requires the trial of a defendant in a criminal action to commence "within six months from the date of the entry of a plea of not guilty . . . ." Section 18–1–405(6), C.R.S.1973 (1978 Repl.Vol. 8) states in pertinent part as follows:

"In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded: . . .

(e) The period of delay caused by any mistrial, not to exceed three months for each mistrial . . . ."

When construing a statute, courts should give effect to the plain meaning of the words used by the General Assembly. Defendant argues that § 18–1–405(6)(e) required his trial to commence no later than three months after the date of the mistrial. Defendant's argument contradicts the language of both §§ 18–1–405(1) and 18–1–405(6)(e). The entire period of delay caused by a mistrial is to be "excluded" from the computation of the time within which a defendant must be tried, *People v. Erickson*, 194 Colo. 557, 574 P.2d 504 (1978), although the maximum amount of time which can be excluded is three months.

Here, the six-month period initially available for the trial of defendant commenced June 13, 1977. Exclusion of three months from the calculation of the six-month period in effect extended the date by which defendant was required to be tried in this case to March 13, 1978. Thus, defendant's trial date of January 10, 1978, was well within the applicable time period.

Defendant also contends that the evidence fails to support his conviction of criminal mischief. However, viewing all of the evidence in the light most favorable to the People, *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973), we conclude that the record contains ample evidence to sustain the trial court's finding of guilt.

Defendant finally argues that the trial court erroneously denied his request for probation. He contends that one of the two prior felony convictions, relied upon by the trial court in denying defendant's request for probation, which conviction was based on a plea of *nolo contendere*, was invalid. We disagree.

On December 7, 1972, defendant entered a *nolo contendere* plea to the offense of theft. A jury trial on multiple charges against defendant was to have commenced on that date. Defendant expressly advised the court that he understood he was waiving his right to a trial by jury and that he had discussed the matter fully with his attorney.

A trial court is not required to follow any particular formula for advising a defendant at a providency hearing. *Martinez v. People*, 166 Colo. 132, 442 P.2d 422, *cert. denied*, 393 U.S. 990, 89 S.Ct. 474, 21 L.Ed.2d 453 (1968). Crim.P. 11(c) in effect at the time defendant entered his *nolo contendere* plea required the trial court to determine that defendant had been advised of all rights set forth in Crim.P. 11(b). Crim.P. 11(b)(1) at the time here pertinent required a defendant to be advised that "he need make no statement and any statement made can and may be used against him . . . ." Defendant concedes that the trial court was not required to re-advise him at the providency hearing of rights previously explained. *People v. Gonzales*, 38 Colo.App. 522, 565 P.2d 945 (1977). Defendant had previously been arraigned and had discussed the matter with his attorney, and he informed the trial court that he understood the effects of his *nolo contendere* plea. Defendant does not contend that at his arraignment he was not advised of his Fifth Amendment rights. We conclude that, in these circumstances, the record supports the trial court's conclusion that on December 7, 1972, defendant's *nolo contendere* plea was entered voluntarily and knowingly. *See*

*People v. Canino*, 181 Colo. 207, 508 P.2d 1273 (1973).

Judgment affirmed.

SMITH and SILVERSTEIN,* JJ., concur.